**PAGE, Collector of Internal Revenue, v. POLK et al.**

(Circuit Court of Appeals, First Circuit. May 17, 1922.)

No. 1544.

1. **Appeal and error** ⊙⟶781(7)—**Liability for costs entitles collector of internal revenue to decision on merits after payment.**

Where the lower court granted an injunction restraining a collector of internal revenue from enforcing payment of an estate tax until one year and 180 days after the death of testator and taxed the costs of the suit against him, the liability for costs entitles the collector to a decision on the merits on appeal, even though in the meantime the period specified had expired, and the tax had been paid.

2. **Internal revenue** ⊙⟶28—**Collection of estate tax cannot be temporarily enjoined.**

Notwithstanding Revenue Act Feb. 24, 1919, § 406 (Comp. St. Ann. Supp. 1919, § 6336⅞g), providing for interest on an estate tax if not paid within one year and 180 days after decedent's death, and section 408 (section 6336¾i), requiring the collector, if the tax is not paid within one year and 180 days, to proceed to collect it or commence appropriate proceedings in any court, the collector cannot be enjoined from proceeding to collect the tax after it becomes due by the expiration of one year after the date of the death and before the expiration of the 180 days in addition to the year.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by Frank L. Polk and others, as executors, against Frank A. Page, individually and as Collector of Internal Revenue, to enjoin temporarily the collection of a tax assessed against an estate. From a decree granting the injunction as prayed (276 Fed. 128), defendant appeals. Reversed and remanded, with directions to dismiss the bill.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I., for appellant.

Selden Bacon, of New York City, for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a final decree of the District Court for Rhode Island in a suit in equity brought by Frank L. Polk and the United States Trust Company of New York, executors of the estate of Josephine Brooks, against Frank A. Page individually and as collector of internal revenue for the district of Rhode Island, restraining the latter from collecting a tax assessed against the estate.

The complainants are citizens of New York, and the defendant is a citizen of Rhode Island. Josephine Brooks died August 17, 1920. The complainants duly filed their return setting forth the value of the estate, and the Commissioner of Internal Revenue assessed thereon a tax of $245,787.67, under title 4 of the Revenue Act of February 24, 1919 (40 Stat. at Large, p. 1096). The jurisdiction of the District

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Court, as a federal court, is based on the ground of diverse citizenship and that the amount involved exceeds $5,000 exclusive of interest and costs; also on the ground that the suit is one arising under the internal revenue laws of the United States.

There is no controversy as to the legality or amount of the tax assessed against the estate. The complainants contend that, under section 408 of the act of 1919 (Comp. St. Ann. Supp. 1919, § 6336¾i), they are given a year and 180 days after their testatrix's death in which to pay the tax, even though the Commissioner of Internal Revenue had not extended the time of payment under section 406 (section 6336¾g) for 180 days after its due date, and that the defendant was not authorized to enforce its collection by distraint or otherwise until after the expiration of 180 days; that, in violation of this right, the defendant, pretending to act in his capacity as collector, on the 28th day of September, 1921, and before the 180 days had expired, notified the complainants that, unless the tax was paid within 10 days, he should proceed to collect the same, with costs, by seizure and sale of property; that, under section 408 of the act of 1919, the collector is prevented from collecting the tax by distraint or otherwise within 180 days; and that the threatened seizure, if carried out, would have been unauthorized and an act not done by him in his official capacity or with color of law. They further contend and allege in their bill that if, to avoid such threatened distraint, they at this time paid the tax, they would be remediless in law, as they had the privilege, under section 406, of paying the tax at any time down to February 13, 1922, without interest. It was also alleged in the bill that the payment of the tax at the time of the commencement of the suit rather than on February 13, 1922, would subject the estate to loss of interest on the money during the interim in excess of $5,000, and would subject the estate to the difficulty of converting the assets into cash for immediate payment of a large sum of money. But it appears in the final decree that it was stipulated in open court that the complainants had, at the time of the commencement of the suit and at the time of entering the decree, assets in their hands sufficient to meet the tax, and that the loss which they would have sustained by the payment would have been the interest on the tax, unless they were able to recover it back from the United States.

It was decreed:

That the payment of the tax was "not required by law or compellable by distraint until one year and 180 days after the death of Josephine Brooks, which occurred on the 17th day of August, 1920"; that payment of the tax "at the time of the filing of the original bill herein, instead of in February, 1922, * * * would have subjected the estate * * * to loss of interest on the money so paid during the interim amounting to a sum in excess of $5,000; and that if, to avoid the threatened distraint, the plaintiffs should themselves pay such tax prior to February 13, 1922, they would be remediless in the law."

It was further decreed:

That the defendant, his agents and servants, be permanently restrained "from making or attempting to make any seizure, distress or distraint of the property of the complainants * * * until the expiration of the 13th day of February, 1922 (but no longer)," and "that the complainants recover of the

defendant, Frank A. Page individually, the sum of $46.54, their costs and disbursements herein duly taxed."

The bill of complaint was filed October 4, 1921. The final decree was entered December 27, 1921. A petition for appeal and assignment of errors was filed January 27, 1922, and on that day the appeal was allowed and citation issued returnable to this court February 24, 1922, the service of which was accepted January 27, 1922. The record was filed in this court February 9, 1922.

On February 10, 1922, the 180 days having nearly elapsed, the complainants paid the collector of internal revenue the tax in question.

When the case came on for hearing in this court, the appellees (complainants) moved to affirm the decree or dismiss the appeal on the ground that, the tax having been paid, the questions presented by the appeal were academic. The appellant objected, and now contends that the case should be considered on its merits, and the decree reversed on the authority of our decision of March 21, 1922, in Nichols v. Gaston et al., Executors (C. C. A.) 281 Fed. 67, that no other course can properly be taken, as costs were awarded against him in the court below, which he has paid.

[1] Costs having been decreed against the appellant, from which he would be relieved if the decree should be reversed, we think the case must be considered on its merits. Matter of Application of Martin v. W. J. Johnston Co., 128 N. Y. 605, 27 N. E. 1017.

[2] The facts in this case, so far as they relate to the right of the appellees to restrain the appellant from collecting the tax, differ in no respect from those considered by us in Nichols v. Gaston et al., Executors, supra, in which it was held that the injunction was improperly issued. We see no occasion for receding from the views there expressed, and are of the opinion that the appellees' motion should be denied, the decree of the District Court reversed, and costs awarded the appellant in this court and in the court below.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to enter a decree dismissing the bill, with costs to the appellant in this court and in the District Court.

ANDERSON, Circuit Judge (concurring). Sitting as District Court on January 9, 1922, the case of Gaston v. Nichols came before me. It then appeared that the issue in that case was not distinguishable from the issue in the present case, in which, on November 17, 1921, Judge Brown had filed a careful opinion. 276 Fed. 128. It seemed plain that the question was one of substantial public importance that ought to be determined speedily by the Court of Appeals.

Manifestly it would have been of no practical use for me, sitting as District Court, to have studied the problem and formed and expressed an opinion agreeing or disagreeing with Judge Brown's views. Accordingly, in order to speed the cause, without hearing the question argued, I ruled, pro forma, as Judge Brown had ruled; the parties agreeing to co-operate in every practical way in obtaining an early hearing in this court.

On this appeal in Page v. Polk I have for the first time considered the question and examined the authorities. My views accord with the decision of this court in Nichols v. Gaston and in the instant case.