**WEST INDIA OIL CO. v. GALLARDO,**
Treasurer of Porto Rico.

(Circuit Court of Appeals, First Circuit.
June 12, 1925.)

No. 1829.

1. Taxation ⚖═608(9)—Equity has jurisdiction to restrain collection of illegal tax, where no adequate remedy at law.

Pub. Acts Porto Rico 1920, No. 17, providing for an action at law to recover taxes paid under protest, but which also provides (section 6) that such action shall abate on failure of plaintiff to pay any other taxes subsequently levied, held not to afford an adequate remedy at law, but equity had jurisdiction to restrain collection of an illegal tax.

**2. Commerce ⬤⟿77—Licenses ⬤⟿7(1)—Internal revenue tax on motor vehicles imposed by Porto Rico held not import tax, and valid as excise tax on sale or use.**

The tax of 10 per cent. ad valorem, imposed by Acts Porto Rico 1923, tit. 2, pt. 1, § 20, subd. 18, on motor vehicles and many other articles "produced, manufactured, sold or used" in Porto Rico, to be paid by dealers who sell the same or by users, *held* not an import tax, but an excise tax on sale or use, and valid.

Appeal from District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

Suit in equity by the West India Oil Company against Juan G. Gallardo, Treasurer of Porto Rico. Decree for defendant, and complainant appeals. Affirmed.

Nelson Gammans, of New York City, for appellant.

Archibald King, of Washington, D. C. (H. P. Coats, Atty. Gen., of Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. By suit in equity, brought in the District Court of the United States for the District of Porto Rico, the appellant, a New Jersey corporation, seeks to enjoin the collection by the defendant, treasurer of Porto Rico, of certain taxes levied under Porto Rican Act No. 68 of 1923.

The bill is long and argumentative. The case was heard by the court below on bill, answer, and stipulated facts. That court sustained the jurisdiction, but dismissed the bill on the merits, holding the tax valid.

The appellant built large gasoline tanks in San Juan and Ponce, costing upwards of $200,000; in order to distribute this gasoline, it bought five automobile tank trucks, and shipped them from its New York office to its Porto Rican office. These trucks cost, including freight to San Juan and surcharges, $29,098.60. Other similar trucks had been ordered. The stipulation of facts shows that the defendant, under the act now attacked, levied upon these five trucks a tax amounting to $2,909.86, "plus penalties amounting to approximately $125," a total of $3,034.46.

The first questions raised are as to jurisdiction. The respondent now argues that the jurisdictional amount is not shown. This point apparently was not urged below. It cannot be sustained. The stipulated facts show that the tax and penalties now involved on the five trucks in question exceed $3,000. It is unnecessary, therefore, to consider oth-

er grounds of possible money damage to the appellant.

[1] Jurisdiction in equity is also challenged. It is not, however, contended that R. S. § 3224 (Comp. St. § 5947), applies in Porto Rico. Of course there is no jurisdiction in equity, if there is a plain, complete, and adequate remedy at law. Dawson v. Kentucky Distilleries Co., 255 U. S. 288, 296, 41 S. Ct. 272, 65 L. Ed. 638; Nichols v. Gaston (C. C. A.) 281 F. 67; Page v. Polk (C. C. A.) 281 F. 74.

At the time when the present suit was brought, the only remedy at law to which our attention has been directed is found in Act No. 17 of the Public Acts of Porto Rico passed in 1920 (page 124). This act does provide for recovery by suit at law of taxes paid under protest. But in section 2 is a requirement that the suing taxpayer shall attach to his complaint "a certificate from the office of the treasurer' setting forth that he has paid all his taxes," which would include all taxes, valid or invalid, levied and due subsequent to the tax in suit. And in section 6 it is provided:

"That at any time that the people of Porto Rico shall show, through a certificate issued by the treasurer, that the taxpayer complainant has not paid any other tax subsequently thereto, within the time fixed by law, he shall be deemed to have withdrawn his suit with costs and with the indemnity fixed in section 4 of this act taxed against him."

Under this statute the practice appears to be that such a certificate filed by the treasurer shall operate to abate any suit for recovery of taxes paid under protest. Plainly a right to sue under such conditions is not a plain and adequate remedy at law. Compare American Railroad Co. v. Treasurer, 30 P. R. R. 202. Jurisdiction in equity must be sustained.

[2] We turn to the merits. Appellant's main contention is that this tax is a disguised import tax, and invalid under section 3 of the Foraker Act, 31 Stat. 78 (Comp. St. § 3749), which remains in force under section 58 of the Jones Act, 39 Stat. 968 (Comp. St. § 3803z). The act in question is long and elaborate, containing 93 sections, besides very many subdivisions. It is entitled as follows:

"An act to provide revenues for the people of Porto Rico, by levying certain excise and license taxes for the practice of certain professions, industries or businesses; to regulate the manufacture, use and sale of alcoholic preparations, and other articles; to impose certain penalties; to repeal the excise and li-

cense tax laws now in force, and for other purposes."

Under title 2, part 1, entitled "Excise Taxes," it is provided in section 20 "that there shall be levied, collected and paid, for one time only, as an internal revenue tax on each of the following articles." Then follows a long list of articles in 51 subdivisions, such as alcohol, beers, sparkling wine, medicines, perfumery, cigars, matches, affidavits, horse races, chewing gum, neckties, typewriters, mats, etc. Subdivision 18 is as follows:

"*Motor Vehicles.* On every motor vehicle, automobile, motorcycle, aeroplane, hydroplane, dirigible, side car for motorcycles, motor for automobiles, bicycle, launch, auto truck, chassis, autowagon, autotractor, parts and accessories for all of the aforesaid articles, solid or pneumatic tires, inner tubes therefor—excluding tools, screws, tube valves, spark plugs and light bulbs, piston rings, felt washers, steel ball bearings, lamp lenses, radiator rubber tubes, clamps therefor, vibrators and tire tube patches—produced, manufactured, sold or used in Porto Rico, a tax of ten (10) per cent. ad valorem.

"Persons, not residents of Porto Rico, using their own automobiles for personal use only, shall be exempt from payment of tax for a period not to exceed sixty days from the date when they began to use said automobile. On the expiration of that period, or before, if the automobile is destined for other purposes than the above-mentioned, the tax shall be paid."

The tax in question was levied under this provision.

Other pertinent provisions dealing with the method of levying these taxes are as follows:

"Section 10.—*Definition of the Words 'Use' and 'Consumption.'*—The words 'use' and 'consumption' as employed in this act shall be construed in their most ordinary and usual meaning, but shall not comprise articles acquired prior to the time when this act takes effect.

"When an article subject to taxation has not been acquired for business purposes, it shall be understood that the same is to be used or consumed by the person acquiring."

By Act No. 1 of the Special Session of 1923, sections 6 and 33 of the preceding act were modified to read as follows:

"Section 6.—*Definition of the Phrase Ad Valorem.*—For the purposes of this act the phrase ad valorem shall be construed to mean the cost of an article after it is in the possession of a person, plus a reasonable benefit to be estimated at ten per cent. over the amount of said cost, unless such person

proves, to the satisfaction of the treasurer of Porto Rico, that the profit obtained on said article is less than said ten per cent.: Provided, that the word 'person' as used in this section shall be given the meaning given thereto in section 7 thereof."

"Section 33.—The tax hereby prescribed on articles for sale, use, consumption or exhibition in Porto Rico, except as provided in section 29 of this act, shall be levied as soon as they are on the market in possession of a dealer or commission merchant or the representative thereof in this island, who shall be responsible for the payment of said taxes upon transferring said articles to another dealer or consumer, or upon acquiring them or having them in his possession, and who shall pay such taxes in one of the two following forms in accordance with such regulations as the treasurer of Porto Rico may prescribe for the purpose: (a) Upon acquiring the taxable articles and having them in his possession, by making entries of receipt and delivery in the stock and receipt and delivery book, and by simultaneously paying the tax by cancelling the corresponding stamps on an internal revenue invoice; or (b) as he disposes of the taxable articles. Persons acquiring taxable articles through channels other than the aforesaid dealers or commission merchants or their representatives, shall pay said taxes as soon as they obtain possession of the articles and in accordance with the definition of ad valorem contained in this act.

"Dealers shall be responsible for the payment of said taxes when they sell any taxable article to a consumer. The consumer shall be responsible for the payment of said tax when he acquires taxable articles, if such tax shall not have been paid."

We think it plain that this is an excise tax on sale or use, and not an import tax. On analysis, the sole basis for the appellant's elaborate argument is found in the fact that most articles of personal property subjected to this tax are in Porto Rico importations, because Porto Rico is in the main an agricultural or raw material producing country with few manufactures. But this economic fact does not affect the legal nature of the tax. It could not be seriously contended that states of the United States in which motor vehicles are not manufactured cannot levy a similar tax on sale or use without coming into conflict with the prohibition of import taxes found in article 1, § 10, of the Constitution. Compare Woodruff v. Parham, 8 Wall. 123, 19 L. Ed. 382; Howe Machine Co. v. Gage, 100 U. S. 676, 25 L. Ed. 754; Brown v. Houston, 114 U. S. 622, 5 S. Ct. 1091, 29

L. Ed. 257; American Steel & Wire Co. v. Speed, 192 U. S. 500, 24 S. Ct. 365, 48 L. Ed. 538. Porto Rico has in this regard a like power to tax.

Equally untenable is the contention that this is a tax on property and void for lack of uniformity. The tax is upon automobiles "manufactured, sold or used in Porto Rico." It is not a tax upon ownership as distinguished from the production, sale or use. See the language of Chief Justice White in Billings v. United States, 232 U. S. 261, 280, 34 S. Ct. 421, 58 L. Ed. 596. Compare, also, Brown-Forman Co. v. Kentucky, 217 U. S. 563, 30 S. Ct. 578, 54 L. Ed. 883.

A minor contention is that the tax is void because of failure to provide for an adequate hearing as to the value or cost, to which there is or may be a 10 per cent. addition. We infer that it was to meet a possible objection of this sort that section 6 was amended by Act No. 1 of the Special Session of 1923, so as to provide that ad valorem shall mean the cost plus a reasonable benefit to be estimated at 10 per cent. over the amount of said cost, unless the taxpayer proves to the satisfaction of the treasurer that the profit obtained is less than said 10 per cent.

It is obvious that this provision contemplates a hearing by the treasurer, in quasi judicial capacity, whenever the person assessed contends that either the assumed cost or the 10 per cent. benefit is excessive. Besides, it is provided in section 82 that:

"Whenever authority is given in this act to the treasurer of Porto Rico to sell goods seized by him or his agents, any person aggrieved may appeal to the proper district court, and said court shall have jurisdiction, after due hearing, to confirm or reverse or modify the decision of the treasurer. Such appeal shall be taken within ten days after notice to the interested party."

We find no error.

The decree of the District Court is affirmed, with costs to the appellee.