**BERMAN v. GALLARDO. PORTO RICO DRUG CO. v. SAME. BELENDEZ & GARCIA, Inc., v. SAME.**

Circuit Court of Appeals, First Circuit. April 11, 1927.

Nos. 2024, 2026, 2028.

Taxation ⊚⟞608(9)—Statutes passed after beginning of suits to enjoin collection of Porto Rican excise taxes held not legal remedy, depriving equity of jurisdiction (Acts Porto Rico 1924, No. 9; Acts Porto Rico 1925, No. 84).

Suits by importers to enjoin collection of excise taxes imposed by Porto Rico on articles bought, sold, or consumed in Porto Rico, being brought prior to enactment of Acts Porto Rico 1924, No. 9, approved June 23, 1924, and Acts Porto Rico 1925, No. 84, equity had jurisdiction as against contention that named acts furnished plain, adequate, and complete remedy at law.

Appeal from the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Suits in equity by Ida Berman, administratrix, by the Porto Rico Drug Company, and by Belendez & Garcia, Inc., against Juan G. Gallardo, Treasurer of Porto Rico. Decrees for defendant, and complainants appeal. Reversed.

O. B. Frazer, of San Juan, Porto Rico, and Nelson Gammans, of New York City, for appellants.

George C. Butte, of San Juan, Porto Rico, and William C. Rigby and Russell H. Brennan, both of Washington, D. C., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. These three cases are, except in one aspect, on all fours with the decision of this court in the Porto Rican Tax Cases, made January 7, 1927. 16 F.(2d) 545. These suits were brought prior to the enactment of Act No. 9 of 1924, approved June 23, 1924, and of course prior to Act No. 84 of 1925, which were urged upon us as furnishing a plain, adequate, and complete remedy at law for taxpayers entitled to resort to the federal court. Jurisdiction in equity is therefore free from the jurisdictional doubts intimated in the earlier opinion.

All three plaintiffs allege themselves to be importers from the United States and from foreign countries of, and dealers in, various articles subject to tax under Act No. 84 of 1923. The cases are in principle ruled by our decision in the Porto Rican Tax Cases, supra.

But the extent to which importations from foreign countries are sold by the importers in the original packages does not in these records appear. Cf. paragraph III of the opinion in Porto Rican Tax Cases, supra. The result is that the decrees below must be reversed, and the cases remanded to the court below, for further proceedings in accordance with our rulings in that case.

In each case the decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with the opinion in the Porto Rican Tax Cases of January 7, 1927; neither party recovers cost of appeal.