## GOODYEAR TIRE & RUBBER CO. v. GALLARDO, Treasurer.

Circuit Court of Appeals, First Circuit.
April 11, 1927.

No. 2088.

Constitutional law ⬅229(1)—Taxation ⬅40 (8)—Porto Rican tax law held not to produce lack of uniformity, or denial of equal protection, because of definition of "ad valorem" (Tax Act Porto Rico 1923, § 6, as amended, and Tax Act Porto Rico 1925, § 4; Organic Act Porto Rico, § 2; Const. U. S. Amend. 14).

Tax Act Porto Rico 1923 (Acts 1923, No. 68) and Tax Act Porto Rico 1925 (Acts 1925, No. 85), imposing excise tax on certain articles, *held* not, by reason of definition of "ad valorem" in section 6 of the 1923 act as amended by Acts Sp. Sess. 1923, No. 1, and section 4 of the 1925 act, to result in lack of uniformity and denial of equal protection of the laws, in violation of Organic Act Porto Rico, § 2, and Const. U. S. Amend. 14, because of authorizing reasonable profit, estimated at 10 per cent., to be added to cost of article in determining tax, in absence of proof that profit obtained thereon was less than 10 per cent.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Action by the Goodyear Tire & Rubber Company against Juan G. Gallardo, Treasurer. Judgment for defendant, and plaintiff brings error. Affirmed.

O. B. Frazer, of San Juan, Porto Rico, and Nelson Gammans, of New York City, for plaintiff in error.

George C. Butte, Atty. Gen., and William C. Rigby, of Washington, D. C., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action at law brought in the federal District Court of Porto Rico to recover taxes paid under protest. The complaint contains two counts. In the first count the plaintiff seeks to recover $5,437.99, that being the amount of taxes assessed under the Porto Rican Tax Act of July 28, 1923 (Acts 1923, No. 68), and paid under protest. The second count is to recover $4,895.32, being the amount of taxes assessed under the Tax Act of August 20, 1925 (Acts Porto Rico 1925, No. 85), and paid under protest. The action is brought under the Tax Refund Act, No. 9, of June 23, 1924, as amended by Act No. 84, of August 20, 1925. There is no question as to diversity of citizenship or amount involved, and no question is raised as to the right of the plaintiff to sue in the federal court under the act of 1924. The defendant answered to the action, the Attorney General of Porto Rico appearing in his behalf.

The case was tried by the court on the facts alleged in the complaint, substantially all of which were admitted by the answer. The only matters in dispute are the alleged conclusions of law relating to the validity of the acts under which the taxes are assessed.

The plaintiff manufactures solid and pneumatic truck and automobile tires and tubes, rubber fan belting, rubber floor matting, and other rubber goods in continental United States, ships the same to Porto Rico, and sells them there. Under the Tax Act of 1923, in section 20, subd. 18, there is imposed a tax of 10 per cent. ad valorem on "solid or pneumatic tires, inner tubes thereof * * * produced, manufactured, sold or used in Porto Rico." And by subdivision 30 of said section 20 a like tax is imposed upon mats, carpets, etc., manufactured, produced, sold or used in Porto Rico. By section 6, as amended by Acts Sp. Sess. 1923, No. 1, the phrase ad valorem is defined: "For the purposes of this act the phrase ad valorem shall be construed to mean the cost of an article after it is in the possession of a person, plus a reasonable benefit to be estimated at ten per cent. over the amount of said cost, unless such person proves, to the satisfaction of the treasurer of Porto Rico, that the profit obtained on said article is less than said ten per cent.: Provided that the word 'person' as used in this section shall be given the meaning given thereto in section 7 thereof." Prior to the 20th of August, 1925, and while the act of 1923 was in force, the plaintiff sold in Porto Rico solid and pneumatic tires, inner tubes, etc., which it imported from the United States upon which the tax levied under section 20 of the act amounted to the sum of $5,437.99.

In the second count the facts set forth are the same in substance as those alleged in the first count, except that the tax is assessed under the Act of August 20, 1925, which likewise provides for the assessment and collection of a tax on the sale, transfer, use or consumption of certain named articles, including solid and pneumatic tires, inner tubes, etc. The rate of tax under this act is fixed at 7 per cent. ad valorem, instead of 10 per cent., as in the prior act; and in section 4 the definition of the phrase "ad valorem" is the same as in section 6 of the act of 1923 as amended.

In both counts various grounds are set forth wherein it is claimed that the taxes in question are illegal and void, some of which have been heretofore passed upon by this

court in West India Oil Co. v. Gallardo, 6 F.(2d) 523, and Insular Motor Corp. v. Gallardo, 16 F.(2d) 545. The principal question presented by the assignments of error is the one wherein it is contended that the definition of the term "ad valorem," contained in section 6 of the act of 1923 and section 4 of the act of 1925, causes an inequality of valuation for the purpose of fixing the tax and makes the statute operate unequally as between members of the same class; that it causes, not only a lack of uniformity, but a denial of the equal protection of the laws, in violation of the Organic Act of Porto Rico and of the Fourteenth Amendment of the Constitution.

This question is presented by paragraphs No. 14 of the first count and No. 30 of the second count.

The contention is that the definition of the term "ad valorem," as set forth in these acts, necessarily produces inequality of valuation; that the Organic Act provides "that the rule of taxation in Porto Rico shall be uniform"; that the equal protection of the laws is guaranteed by the Fourteenth Amendment and by section 2 of the Organic Act; that the guaranty of the equal protection of the laws and the rule of uniformity each involve two elements, i. e., the rate of tax, and basis of valuation, and that inequality of valuation as well as inequality of rate violates both requirements (Greene v. Louisville & Interurban R. R. Co., 244 U. S. 499, 515, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Cummings v. Nat. Bank, 101 U. S. 153, 158, 25 L. Ed. 903; Raymond v. Chicago Traction Co., 207 U. S. 20, 36, 37, 28 S. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757; Sioux City Bridge Co. v. Dakota County, 260 U. S. 441, 445, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979; Johnson v. Wells Fargo & Co., 239 U. S. 234, 243, 36 S. Ct. 62, 60 L. Ed. 243; Cooley on Taxation [4th Ed.] § 295); that, while the Legislature in a taxing statute may make a classification for the purpose of fixing the amount or incident of the tax, it must provide that all persons subject to the law within the classification be treated with equality (Stebbins v. Riley, 268 U. S. 137, 142, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454); that under the rule of the foregoing decisions the ad valorem excise taxes here in question lack uniformity and deny the equal protection of the laws, for although, as between members of the same class, there is equality of rate, the price or value upon which the tax is computed is different; and that this inequality of valuation necessarily results from the definition of the term "ad valorem" prescribed by sections 6 and 4 of the respective acts.

This contention is concluded by our decision, handed down this day, in Morales v. Gallardo, Treasurer, 18 F.(2d) 550.

The judgment of the District Court of Porto Rico is affirmed, with costs to the defendant in error.