## LOIZA SUGAR CO. v. PEOPLE OF PORTO RICO.

### No. 2638.

Circuit Court of Appeals, First Circuit.

March 22, 1932.

David A. Buckley, Jr., of New York City, for appellant.

William C. Rigby, of Washington, D. C. (Fred W. Llewellyn and Blanton Winship, both of Washington, D. C., and James R. Beverley, Atty. Gen., of Porto Rico, on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from an order of the Supreme Court of Porto Rico affirming a judgment against the appellant in one of the insular District Courts. The amount involved is $13,751.60. The case involves the validity of a tax of four cents per hundred weight imposed on the manufacture of sugar in Porto Rico under paragraph 14 of section 20 of an Act passed by the Porto Rican Legislature, approved July 28, 1923 (Laws of Porto Rico 1923, No. 68), as amended at a Special Session of the Porto Rican Legislature August 27, 1923 (Laws of Porto Rico 1923 Sp. Sess. No. 1).

Section 1 of the original Act provides: "That this Act shall be known as the 'Excise Tax Law of Porto Rico.' "

As originally enacted, paragraph 14 of section 20 reads as follows: "On every hundred weight of sugar produced, manufactured or consumed in Porto Rico, a tax of four (4) cents; Provided, that said tax shall be required and collected by the Treasurer at the same factories where sugar is produced or manufactured and before it is placed on the market."

At the special session of the Legislature called in August, 1923, "To correct mistakes and discrepancies and harmonize certain provisions in the excise tax and income tax laws so as to make the operation of these as far as possible uniform and without conflict," paragraph 14 of section 20 was amended so as to read:

"Every factory producing or manufacturing sugar in Porto Rico shall be assessed a manufacturing charge of four (4) cents on each hundred weight of sugar manufactured or produced; Provided, that said tax shall be required and collected by the Treasurer at the factories themselves where sugar is produced or manufactured and before it is placed on the market."

The tax involved in these proceedings was assessed in 1924 on the appellant, which manufactured at its mill between January 29, 1924, and July 1, 1924, 343,790 hundred weight of sugar. Since then it has paid all taxes on sugar manufactured by it. The refusal to pay the tax in question was obviously done to obtain construction of the statute by the courts.

An action was brought in the insular District Court of San Juan in the name of the people of Porto Rico to collect the amount of the tax computed on the above amount of sugar. The District Court gave judgment for the plaintiff. An appeal was taken to the Supreme Court of Porto Rico, which affirmed the judgment of the District Court for the reasons stated in the opinion delivered in the

case of People of Porto Rico v. Central Los Canos, 35 Porto Rico, 27.

From this judgment the defendant appealed to this court, and in substance assigned as errors: (1) That the tax authorized by paragraph 14 is discriminatory and not uniform, since, if collected, it would deprive the defendant of its property without due process of law; (2) that, having paid a license tax to the municipality of Loiza, this additional tax is illegal; (3) that since the sugar manufactured by the defendant was for export, and was all exported, it was not taxable under section 43 of the Act of July, 1923; (4) that the amendment of paragraph 14 of section 20 in August, 1923, was not within the power of the Legislature under the call issued by the Governor of Porto Rico; and (5) the Supreme Court erred in applying the ruling in the case of People of Porto Rico v. Central Los Canos, 35 Porto Rico, 27, to the facts in this case.

We think the change in paragraph 14 by the amendment was within the power of the Legislature under the call for the special session. The call was "to correct mistakes and discrepancies and harmonize certain provisions of the excise and revenue laws so as to make the enforcement of such laws in so far as possible uniform and unconflicting."

While section 33 of the Organic Act of Porto Rico provides that at special sessions of the Legislature no legislation not specified in the call shall be considered, under the call for the Special Session of August 13, 1923, the legislative authority was not confined within such narrow limits as contended by the appellant below. Any enactment during the special session, not clearly foreign to the purpose for which it was called together, should be held valid. The Porto Rican Legislature under the call could properly by amendment make clear their intent as to any provision of the original act, or correct any mistakes or discrepancies.

As the court said in Re Governor's Proclamation, 19 Colo. 333, 35 P. 530, 531: "The legislature cannot go beyond the limits of the business specially named in the proclamation, * * * but within the limits of such business it may act freely, in whole or in part, or not at all, as may be deemed expedient, according to its own judgment."

See, also, Baker v. Kaiser (C. C. A.) 126 F. 317, and Posados v. Warner, Barnes & Co., 279 U. S. 340, 49 S. Ct. 333, 73 L. Ed. 729, interpreting the Organic Act of the Philippine Islands restricting the powers of the insular Legislature.

The tax authorized by paragraph 14 of section 20 as amended is clearly an excise tax on the manufacture of sugar, and in terms imposed on the factory or manufacturer. As originally enacted, though it was undoubtedly intended as an excise tax, it was literally imposed on the article manufactured, produced, or consumed. In effect, however, it was an excise tax on the manufacture of sugar. Patton v. Brady, 184 U. S. 608, 618, 22 S. Ct. 493, 46 L. Ed. 713; Porto Rican Tax Appeals (C. C. A.) 16 F.(2d) 545, 549; Sanchez Morales & Co., Inc. v. Gallardo (C. C. A.) 18 F.(2d) 550; Berman v. Gallardo (C. C. A.) 18 F.(2d) 581; Goodyear Tire & Rubber Co. v. Gallardo (C. C. A.) 18 F. (2d) 926.

Section 43 of the Act provides: "That articles subject to taxation in accordance with the provisions of this Act shall be exempt from taxation when exported from Porto Rico, after such regulations have been complied with, entries made and such bond furnished as the Treasurer of Porto Rico may prescribe."

Lest paragraph 14 of section 20, as originally enacted, should be construed to impose a tax on sugar as property, and by reason of the exemption on exported articles under section 43 of the act, no, or little, revenue would be derived therefrom, we think the Legislature at the special session, by the amendment to paragraph 14, undertook to make it clear that it was not the intent to impose a tax on sugar as a distinct article or item, but an excise tax on its manufacture.

The Supreme Court of Porto Rico has so construed the law in People of Porto Rico v. Central Los Canos, supra. We regard the construction placed upon the sections in question by that court as right; surely not as clearly wrong. Porto Rico Coal Co. v. Domenech (C. C. A.) 41 F.(2d) 183, 185; Cardona v. Quinones, 240 U. S. 83, 89, 36 S. Ct. 346, 60 L. Ed. 538.

The other assignments of error are without merit and were also correctly disposed of in the Central Los Canos Case.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs.