WOODWARD et al. v. BOSTON LASTING MACH. CO.

(Circuit Court of Appeals, First Circuit. June 23, 1894.)

No. 61.

1. PATENTS—ASSIGNMENT—ESTOPPEL OF ASSIGNOR—WAIVER.

The estoppel of a patentee, who has assigned his patent, to set up its invalidity as a defense to a suit against him by the assignee for infringement, is not waived by the assignee failing to anticipate such defense in his bill, or to except to the answer setting it up, and the court will give effect to the estoppel although the parties did not wish to raise it.

2. APPEAL—DECISION—RESERVING LEAVE TO FILE BILL OF REVIEW.

Where a decree is affirmed on an issue not anticipated by appellants, which the parties did not intend to raise, and which appellants suggest

can be met by further proofs, liberty may be reserved to them to apply to the court below for leave to file a bill of review, and to proceed thereon as that court may determine, with reference to the matter.

This was a petition by Erastus Woodward and others, appellants, for a rehearing of their appeal, after a decision affirming the decree of the circuit court. 8 C. C. A. 622, 60 Fed. 283. Leave to file briefs was granted to both parties.

Causten Browne and Geo. O. G. Coale, for appellants.

J. E. Maynadier, for appellee.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. The court has given careful attention to the petition for a rehearing filed in this case, and the briefs thereon filed by each party by leave of court, which have fully argued the grounds on which the court decided this case in its opinion in 8 C. C. A. 622, 60 Fed. 283. The matter is so important that it is proper to explain why we deny the petition.

For all we need say touching the rule of estoppel applicable to this case, in addition to what appears in the opinion in 8 C. C. A. 622, 60 Fed. 283, we refer to the opinion passed down this day in Babcock v. Clarkson, 63 Fed. 607.

It is said that the right to set up estoppel was waived in various ways. There was no waiver by the pleadings. The estoppel would properly arise as a matter of rebuttal by complainant, on the proofs, and not on the pleadings. The complainant might have anticipated the defense of invalidity by inserting, in its bill, charges and an avoidance; but it was at its option to do so, and it lost no rights by not availing itself of this option. Story, Eq. Pl. § 33.

In Underwood v. Warren, 21 Fed. 573, the question of estoppel was raised by exceptions to the answer; but this was irregular, and was apparently permitted because no one objected to this method of proceeding. An answer is clearly not insufficient merely because it sets up a defense which may be rebutted, and parties cannot be compelled to try on exceptions an issue of this kind.

It is said, and is apparently true, that the parties did not wish to raise this question. But that, if successful, would, in effect, result in submitting to the court a moot patent cause, which, on account of the public interests involved, the court is ordinarily disinclined to permit. As a general rule, the court, before passing on the question of patentability, is entitled to require that it should be properly presented by parties legally competent and interested to do it.

The court sees no occasion to modify its conclusions touching the relations of defendant Barrett to defendant Woodward.

It is apparent that the result has turned on an issue which the appellants did not anticipate, either in this court or in the court below; and the surprise comes from the fact that the issue was raised by the court, while the parties intended not to raise it. The appellants suggest that the issue can be met by further proofs.

Therefore, a special mandate is requested, which we will grant, as the circumstances are so peculiar. Smith v. Weeks, 3 C. C. A. 644, 53 Fed. 758. It must be expressly understood that we are not committed to any phases of the law which the new proofs, if taken, may raise, nor barred from applying to them the rule of Telegraph Co. v. Himmer, 19 Fed. 322, if it meets our approval and comes in point.

Ordered: The petition for a rehearing is denied. The judgment already entered is amended to read as follows: "The decree of the circuit court is affirmed. This court reserves to the appellants liberty to file in the circuit court an application for leave to file a bill of review, or leave to adopt other appropriate methods, and to proceed thereon as that court may determine, with reference to the matter of estoppel appearing in the opinion of this court passed down March 5, 1894; the appellees to recover costs of appeal."