BAKER v. KAISER et al.

(Circuit Court of Appeals, Eighth Circuit. November 27, 1903.)

No. 1,905.

**1. APPEAL—GROUNDS OF AFFIRMANCE—QUESTIONS NOT RAISED BELOW.**

  While a judgment may be affirmed upon a ground other than that which influenced the trial court, the general rule is that a theory of a case or an assumption of fact adopted by a trial court with the acquiescence of the parties will be followed by an appellate court to which the cause is taken; and such rule will be applied where the ground relied on in the appellate court to support a judgment otherwise erroneous involves a question of fact not fully developed at the trial, to which the attention of neither the trial court nor opposing counsel was called.

**2. SAME.**

  Where the only question controverted on the trial of an action of ejectment was the validity of a tax deed under which defendants claimed,

which was sustained by the court (the sufficiency of plaintiff's title, ex-cept for such deed, being assumed), an appellate court will not affirm the judgment on the ground (asserted in that court for the first time) that an abstract of title introduced in evidence by stipulation to prove plain-tiff's title failed to show that a trustee had power to execute one of the deeds through which plaintiff claimed; the question being one which could have been definitely determined if it had been raised in the trial court.

**3. STATUTES—POWERS OF LEGISLATURE AT SPECIAL SESSION—LIMITATION BY GOVERNOR'S PROCLAMATION.**

Under the Constitution of Colorado, which provides that in the calling of special sessions of the General Assembly the Governor shall indicate the subjects of legislation to be dealt with, and that the business of any such session shall be confined to the matters specifically mentioned in the proclamation, where one of the subjects named in a proclamation was, "To provide to reduce the penalties and interest on delinquent taxes to one half the present rates," the Legislature was authorized to legislate on the general subject of reduction, the extent of such reduction being a matter within its discretion; and the fact that the reduction made was not exactly that recommended did not render the statute unconstitutional.

**4. SAME—CONSTITUTIONALITY—TITLE OF ACT.**

Under Const. Colo. art. 5, § 21, providing that "no bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title," as construed by the Su-preme Court of the state, an act entitled "An act concerning penalties and interest on delinquent taxes and providing for the manner of adver-tising and collecting the same, and repealing all acts in conflict there-with" is not unconstitutional; the words added to those stating the gen-eral subject of the act being germane to such subject, and properly sub-divisions thereunder.

**5. TAX SALE—STATUTE GOVERNING—REPEAL OF PRIOR ACTS.**

Act Colo. March 3, 1894 (Sess. Laws 1894, p. 45), relating to penalties and interest on delinquent taxes, and repealing all laws in conflict there-with, superseded all prior legislation fixing the amount of such penalties and interest, and governs as to the amount which could lawfully be in-cluded in tax sales made after it went into effect.

**6. SAME—VALIDITY—SALE FOR EXCESSIVE AMOUNT.**

A sale of land for taxes for 60 cents more than the amount lawfully due, where the total amount was only $12.03, was for an excess which was relatively appreciable, and vitiated the sale.

In Error to the Circuit Court of the United States for the District of Colorado.

Henry T. Rogers (L. M. Cuthbert, D. B. Ellis, and Pierpont Ful-ler, on the brief), for plaintiff in error.

Horace N. Hawkins (Thomas M. Patterson and Edmund F. Rich-ardson, on the brief), for defendants in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

HOOK, District Judge. This was an action in ejectment, brought by George F. Baker against Amandus Kaiser, Frederica Kaiser, and Mrs. W. P. Harlow, to recover the possession of a quarter section of land in Park county, Colo., the trial of which in the Circuit Court resulted in a judgment in favor of the defendants. The cause comes to this court by writ of error. Baker's chain of title originated in a patent from the United States. The defendants relied upon a tax deed from the treasurer of Park county based upon a tax sale made

December 19, 1894, for the delinquent taxes of the year 1893. Under the terms of a stipulation between the parties, use was made in the proof of Baker's title of an official abstract of title which merely contained brief descriptive recitations of the various recorded conveyances affecting the land; that is to say, of the pertinent dates, the names of the grantors and grantees, and the character of the instruments. The stipulation authorized the introduction in evidence of the abstract "as proof of the due execution, delivery, and record of the respective instruments" shown thereon, reserving to either party the right to offer any of the original instruments, or certified copies thereof. In this court, and for the first time, the defendants raise a question concerning the strength of the plaintiff's title as shown by the record. At the trial below the entire controversy centered about the validity of the tax deed, and no suggestion of any character was made, either in general or specific terms, that the abstract did not show, aside from the tax deed, a perfect title in Baker. It appears on the abstract that at one time Lillian C. Chrysler, who, it is conceded, was then the owner of the land in fee simple, made a "deed of trust" to Adam Hall, and afterwards Hall, as trustee, conveyed by trustee's deed to Emma Andrews, who in turn conveyed by warranty deed to Baker. A few days later Baker's title was re-enforced, if re-enforcement was necessary, by a quitclaim deed from Lillian C. Chrysler. The defendants now claim that no proof was made of the powers of Hall as trustee under the deed of trust, the deed itself not having been received in evidence, and that in the absence of such proof this court should indulge in the inference that the conditions of the trust precluded a lawful conveyance by him; that Lillian C. Chrysler parted with her title by the conveyance in trust to Hall, and therefore her quitclaim to Baker availed the latter nothing; and that consequently, as Baker must recover, if at all, upon the strength of his own title, and as these necessary links therein are fatally defective for the reasons mentioned, the judgment of the Circuit Court should be affirmed.

It is true that a judgment may be affirmed upon a ground other than that which influenced the trial court. As this court said in Smiley v. Barker, 83 Fed. 684, 687, 28 C. C. A. 9, a just judgment which is warranted by the record and the facts will not be overthrown because it was based on the wrong reason. But the general rule is that a theory of a case or an assumption of fact adopted by a trial court with the acquiescence of the parties will be followed by an appellate court to which the cause is taken. Railroad Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292; Smith v. Spaulding, 40 Neb. 339, 58 N. W. 952; Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567; Southern Ins. Co. v. Hastings, 64 Ark. 253, 41 S. W. 1093. In Wines v. New York, 70 N. Y. 613, it was held that, when a fact is assumed at the trial to exist, its existence will be assumed on appeal, even though it is put in issue by the pleadings. Appellate courts are especially careful to prevent injustice resulting from the affirmance of a judgment upon a ground not presented to the trial court, and which might have been overthrown by additional evidence, had attention been directed to it. In Woodward v. Boston Lasting Ma-

chine Co., 63 Fed. 609, 11 C. C. A. 353, the affirmance which the Circuit Court of Appeals felt impelled to order on a ground not noticed below by either the court or counsel was qualified by granting leave to the appellant to present an application to the trial court for permission to file a bill of review, or to adopt other appropriate proceeding for his protection. The doctrine announced in Smiley v. Barker, supra, is not applied where the ground relied upon in the appellate court to support a judgment otherwise erroneous involves a question of fact not fully developed at the trial, to which attention of neither the trial court nor opposing counsel was called, and where the upholding of the judgment would probably result in a miscarriage of justice. In the case before us the judgment in favor of the defendants was grounded by the Circuit Court solely upon a finding that their tax deed was valid, and it was assumed by that court and by counsel that, except for the tax deed, Baker had sufficient title to justify his claim to the right of possession. The truth as to the power or want of power of the trustee to convey was readily accessible, and, if the objection now advanced had been made at the trial, it could have been ascertained by a mere inspection of the deed itself. For these reasons, it is unnecessary to determine whether power in Hall, as trustee, to convey the land, may or may not be inferred from the facts appearing in the record before us.

Many objections are urged against the validity of the defendants' tax deed, but, in our view of the case, it is necessary to consider but one of them, and the questions of law connected with it. It is claimed by Baker that at the tax sale in December, 1894, the land in controversy was sold for more than the lawful amount of taxes, interest, and penalties, and that therefore the deed based on the sale is void. Various computations of the interest accruing on the unpaid taxes up to the time of the tax sale have been suggested, but, giving to the defendants the benefit of all reasonable claims in this connection, the question is then reduced, in its last analysis, to an ascertainment of the amount of penalty that could have been imposed under the law. Prior to March 3, 1894, the law provided for the imposition of a penalty of 10 per centum upon the amount of taxes due on property going to tax sale. If this rule, which seems to have been followed by the county treasurer, obtained at the time of the tax sale, in December, 1894, the sale was not made for an excessive amount. If it did not so obtain, the tax sale is subject to the criticism made by Baker. The Legislature of Colorado passed an act entitled:

"An act concerning penalties and interest on delinquent taxes and providing for the manner of advertising and collecting the same, and repealing all acts in conflict therewith."

It took effect March 3, 1894. Sess. Laws 1894, p. 45. It provided for the addition to the amount of delinquent taxes of a penalty of 40 cents for each tract of land which went to tax sale. In the absence of some reason inhering in the act itself, it is apparent that it applied to the tax sale of 1894, and furnished the rule for observance in the imposition of penalties. As 10 per centum of the amount of delinquent taxes upon the land in controversy was three times the pen-

alty authorized by this act, the importance of determining the lawful rule is at once manifest.

The defendants claim that the act is unconstitutional, and also that, even if it is valid, the prior law fixing the rate of penalty was not repealed. The Constitution of the state of Colorado provides that in the calling of special sessions of the General Assembly the Governor shall indicate the subjects of legislation to be dealt with, and that the business of any such session shall be confined to the matters specifically mentioned in the proclamation. The act under consideration was passed at the special session of 1894. Among the various matters specified in the proclamation of the Governor was the following: "To provide to reduce the penalties and interest on delinquent taxes to one half the present rates." In this particular it is claimed that inasmuch as the prior law provided for a penalty of 10 per centum upon the amount of the delinquent tax, and the reduction was to 40 cents per tract of land, the limit prescribed by the call of the Governor was disregarded, and that therefore the act is unconstitutional. The Supreme Court of Colorado, upon a precisely similar attack upon a law passed at the same session, said:

"Legislative judgment and discretion as to the transaction of the business specially named are certainly not inhibited at special sessions. The Legislature cannot go beyond the limits of the business specially named in the proclamation, nor can it legislate upon business not named in the proclamation; but within the limits of such business it may act freely, in whole or in part, or not at all, as may be deemed expedient, according to its own judgment. The Legislature must do this much, or the right of legislating by the representatives of a free people at a special session is destroyed, and all our ideas of such right are rendered obsolete." In re Governor's Proclamation, 19 Colo. 333, 35 Pac. 530.

And in another case touching the validity of the act we are considering, the same court said:

"The general subject submitted for legislation by the executive is the reduction of the penalties and interest on delinquent taxes. The words following are to be treated as advisory merely. The subject having been particularly designated in the call, the extent to which legislation shall extend is primarily for legislative, and not for executive, determination." In re Amendments of Legislative Bills, 19 Colo. 356, 35 Pac. 917.

This interpretation by the Supreme Court of Colorado of provisions of the Constitution of the state was given in answer to questions propounded by the House of Representatives while the act was in process of legislative formulation, and such interpretation by the highest court of the state is binding upon this court. Moreover, it is, in our opinion, wholly consonant with good reason.

It is also contended that the act contravenes section 21 of article 5 of the Colorado Constitution, which provides that:

"No bill except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title such act shall be void only as to so much thereof as shall not be so expressed."

Such provisions should receive a fair and reasonable interpretation, not one that is narrow or technical. Their purpose is to prevent surprise and deception of the public and of the Legislature itself by the

inclusion of a subject in the body of an act under a misleading title, and also to prevent the evils of omnibus legislation by the union in one act of dissimilar and incongruous matters, having no necessary connection or proper relation. It is true that the title of the act under consideration might have been abbreviated by making it more general, but it is nevertheless clear that, in substance and effect, it expresses but one general subject; and it is the rule, particularly in Colorado, that the addition to the title of an act of subdivisions of the general subject thereof does not vitiate the whole title. Canal Co. v. Bright, 8 Colo. 144, 6 Pac. 142; Clare v. People, 9 Colo. 122, 10 Pac. 799; Dallas v. Redman, 10 Colo. 297, 15 Pac. 397; Tabor v. Commercial Nat. Bank, 62 Fed. 383, 10 C. C. A. 429; Roberts v. Brooks, 78 Fed. 411, 24 C. C. A. 158; South St. Paul v. Lamprecht Bros. Co., 88 Fed. 449, 31 C. C. A. 585. The provisions for advertisement and collection are manifestly germane to the subject of penalties and interest on delinquent taxes. They are intended to secure the enforcement of the act, and to accomplish the general purpose of the legislation. The act is not subject to the criticisms made, whether tested in the light of either one or both of the constitutional limitations referred to.

It is also claimed by the defendants that the prior law upon the subject of penalties was not repealed. The act purports to cover the entire subject of penalties and interest on delinquent taxes, excepting interest accruing prior to the date of sale, and its provisions were manifestly intended to supplant the prior law upon that subject. It would be an anomalous result if a Legislature specially convened for the express purpose, among others, of reducing the penalties and interest on delinquent taxes, should, in attempted fulfillment of that purpose, enact a law which should be construed as imposing penalties and interest in addition to those formerly prevailing. By section 8 of the act of March 3, 1894 (Sess. Laws 1894, p. 48) all acts and parts of acts in conflict therewith were expressly repealed. The old rate of penalty must give way to the new.

The act being a valid one, and being applicable to the tax proceedings which ripened into the tax deed involved in this case, it follows that the land in controversy was sold for a greater sum than the legal amount of taxes, interest, and penalties due at the time of the sale. It is true that the illegal excess is but 60 cents in a total of $12.03. For this reason the defendants contend that the case is ruled by the maxim de minimis. Without attempting to lay down a general rule for the application of the maxim to all cases of this character, it is sufficient to say that the excess in question is relatively appreciable and important, and its presence in the proceedings destroys the validity of the tax deed of the defendants.

The judgment is reversed, and the cause is remanded to the Circuit Court, with instructions to grant a new trial.