## JEREMIAH CONNORS v. THE CITY OF DETROIT.

*Proceedings in equity to resist the levy of an excessive tax.*

The charter of Detroit (ch. 8, § 2) empowers the common council to make an annual assessment of one per cent. on all taxable city property for certain purposes. *Held* that a higher assessment is void as to the excess.

Where a complainant seeking to restrain the sale of his land for taxes, denies the validity of a particular tax without giving a reason for contesting it, he ought in his bill to offer to pay it.

Where the limit of a legal assessment on one's property is fixed and ascertainable, one who resorts to equity to restrain the sale of his land for a tax of which he does not dispute the legality of certain items, cannot object to the whole tax on the ground that there is no provision for distinguishing between what is legal and what is not, but must offer to pay what might have been legally assessed.

One who seeks to restrain the enforcement of an excessive tax without tendering what he ought equitably to pay, is liable for costs; but if he concedes a certain amount to be legal and offers to pay it, his bill ought not to be dismissed, as he has a right to the judgment of the court as to the remainder of the tax.

Appeal from the Superior Court of Detroit. Submitted April 24. Decided June 10.

BILL to restrain sale of land for taxes. Complainant appeals.

*Brennan & Donnelly* for complainant. An excessive levy is void, Cooley on Taxation, 295–6; a bill to restrain the sale of lands for an illegal tax should not be dismissed for want of tender of the legal amount, if the bill shows the exact amount of tax that is illegal, *Clement v. Everest*, 29 Mich., 19.

City Attorney *William C. Maybury* for defendants. A bill to restrain the sale of lands for a tax, part of which is legal, should point out what is illegal, *Merrill v. Aud'r Gen.*, 24 Mich., 170; *Palmer v. Napoleon*, 16 Mich., 176;

*Pillsbury v. Aud'r Gen.*, 26 Mich., 245; *O'Kane v. Treat*, 25 Ill., 557; *Hersey v. Supervisors of Milwaukee*, 16 Wis., 185; Cooley's Const. Lim., 494: equity will restrain the collection of an excessive tax only as to the excess, if it is otherwise just and lawful, *Warden v. Supervisors of Fon du Lac*, 14 Wis., 621; *Mills v. Gleason*, 11 Wis., 497.

COOLEY, J. The second section of chapter eight of the charter of Detroit empowers the common council to assess and collect annually taxes not exceeding one per centum on the assessed valuation of all real and personal estate in the city which is made taxable by law, for the purposes for which the general fund, contingent fund, fire department fund, general road fund, poor fund and recorder's court fund are severally constituted. In disregard of the limitation, the common council for the year 1874 caused to be assessed and levied specific sums for each of these funds which in the aggregate amounted to more than one and a half per centum of the assessed valuation of property for the city. To the extent of this excess this levy was illegal and void. *Wattles v. Lapeer*, 40 Mich., 624.

Upon the tax-roll the levy for the several purposes above enumerated was included under the general designation of city tax, with many other items for other purposes. On the same roll there were separately levied taxes for school, highway, sewer and police purposes. Complainant is owner of several parcels of land in the city, upon which taxes were levied for all these several purposes. He did not pay the taxes, and when the receiver of taxes took steps for a sale of the lands to satisfy them, he filed his bill to restrain the sale.

By his bill complainant offers to pay the school tax, highway tax and police tax, admitting their legality. He denies the validity of the sewer tax, but assigns in this court no reason for contesting it. He should therefore have offered to pay that also. He contests the whole amount of the city tax, while not disputing that many items embraced in it are legal and proper, nor

contesting the right of the city to levy a tax of one per centum upon the valuation for those funds for which the excessive levy was made. What he claims is, that it is impossible now to separate the legal city tax from the illegal, because that would involve an apportionment to the extent of the legal levy among the several funds for which an excessive levy was made, and only the common council could make such an apportionment. Thus, the common council ordered a levy for the general fund, contingent fund, fire department fund, poor fund, recorder's court fund, and general road fund, which was some $163,000 in excess of what they could levy by law; but if compelled to deduct this amount from the aggregate levy for these several purposes, the common council might elect, instead of reducing the several items ratably, to make the whole reduction upon a part of the items only, leaving the others as they were first assessed. And as no decision has been made by that body in the event of a compulsory deduction, no administrative officer and no court can make it, and the illegality must necessarily taint the whole tax.

There is much force in this reasoning. But this is an appeal to the equitable consideration of the court, and complainant is entitled to relief only to the extent to which he would be wronged by the enforcement of the tax. He would be wronged only to the extent to which the taxes for the several funds above named are excessive. If he were to pay into those several funds one per centum upon the assessed valuation of his property, he would pay no more than he ought to pay for the several purposes for which those funds are established. The fact that the common council decided that further collections were needful and attempted to make them, would not lessen the equitable claim upon him if it did not increase it. And we are inclined to think that if every person thus excessively taxed had paid the tax to the extent of one per centum on their respective assessments, the payments would have gone ratably into

the several funds, as a legal result of the payment. But this point it is not now necessary to determine.

There is no equity in the complainant's claim to restrain the collection of the whole city tax because the levies for certain funds were excessive. He should have offered to pay what the common council might legally assess as to those funds, and the whole of the remainder. There was no difficulty in ascertaining by mere arithmetical calculation what he should tender. Having failed to do this, the court, while sustaining his bill to the extent of what he ought equitably to pay, should have awarded costs against him. But the bill ought not to have been dismissed when he offered to pay what he conceded was legal. He had the right to take the judgment of the court upon the rest, if he saw fit to risk the costs in so doing.

The decree must be reversed, and a new decree entered in this court in accordance with these views. Complainant will recover the costs of this court.

The other Justices concurred.