NANCY J. HUCKLEBY, Administratrix, et. al., *Appellants,* v. THE STATE OF FLORIDA, *et al., Appellees.*

1. The lien of the State for taxes upon property attaches by and from the date of the assessment of the property and cannot be divested by a subsequent judicial sale of such property in any proceeding in which the State is not a party.

2. The State has the right to intervene by petition in a suit for the purpose of enforcing its lien for taxes due it on property involved therein and obtaining an order for the payment thereof out of proceeds arising from a judicial sale of such property, and such petition if properly framed is not open to attack by demurrer. If any of the parties wish to question the legality of the tax imposed, the validity of the tax imposed or to make any defence along that line, it would have to be done by way of an answer.

This case was decided by the court En Banc.

Appeal from the Circuit Court for De Soto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell* and *J. W. Burton,* for Appellants;

*Park Trammell,* Attorney General, and *H. S. Phillips,* State Attorney for the Sixth Judicial Circuit for the State.

SHACKLEFORD, J.—In a suit in equity pending in the Circuit Court for the county of DeSoto, wherein E. B. Cornell was complainant and the Consolidated Ice Manufacture, Refrigerator & Fish Company *et al.* were defendants, the State of Florida sought leave of the court to file the following petition of intervention:

"Now comes the State of Florida and asks leave of the court to file this its petition of intervention. Therefore your petitioner shows that in November, 1904, at the instance of certain creditors, upon a Creditor's Bill duly filed, your Honor appointed a receiver of all and singular the property of the Consolidated Ice Manufacture and Fish Company of Punta Gorda, Florida, and that said receiver at once took possession thereof; your petitioner further shows that taxes were duly and legally assessed against the said property of said defendant corporation for the State of Florida and the county of DeSoto for the years A. D. 1903, 1904, 1905 and 1906, and that neither the receiver nor anyone else has paid said taxes or any part thereof; that said taxes aggregate about one thousand dollars each year, and that said taxes with interest are now due your petitioner. Your petitioner further shows that said taxes at the time of levy were and still are a first and prior lien upon the property of the said Fish Company; that in November, 1906, under a decree of this court the property of said Fish Company was sold and that the lien of said taxes was the first and prior lien upon the proceeds of said sale; that said proper-

ty was sold for the sum of seventy-one thousand five hundred dollars.

Your petitioner further shows that the purchaser of said property at the sale in November, 1906, failed to pay the purchase price within the time required by law and that thereupon said property was re-advertised and again sold at public outcry at Arcadia, Florida, on March 4th, 1907, and that at said sale the property brought the sum of twenty-six thousand five hundred dollars.

Your petitioner further shows that the lien of said taxes is a first and prior lien upon the proceeds of said sale; wherefore your petitioner prays that the matter herein set forth may be referred to a Master to assess the amount due for taxes, and the amount thereof when ascertained shall be a first and prior lien upon the proceeds of said property and that the Master or Receiver in said cause be directed out of the proceeds of sale, first to pay said taxes.   And your petitioner will ever pray."

Notice was given to the complainant and the time and place of calling up the petition and on the 18th day of March, 1907, an order was made allowing the same to be filed and giving the defendants until the 28th day of April to answer the same.   To this petition the appellants, who were defendants below, interposed a demurrer upon the following grounds:

"First.   Said petition is so vague, uncertain and indefinite in statement of facts, and the facts so stated are so vague, indefinite and uncertain as they do not constitute a cause of action of the State of Florida and county of DeSoto for said taxes.

Second.   Because said petition does not set forth the necessary facts to entitle the said petitioner to intervene.

Third.   Said petition shows on its face that at the time of the filing of said petition this court did not have ir or under its control or custody, the property mentioned

in said petition, and that this court did not have in its care, or under its custody or control anything upon or against which the State of Florida or the county of De-Soto held a lien for taxes.

Fourth. Said petition shows upon its face that the same is filed too late and that this court has no jurisdiction over the subject matter of said petition, and that petitioner's only remedy, if any it has, is against the property therein described and set forth.

Fifth. There is no equity in said petition, therefore defendants pray that they may be dismissed with their reasonable cost in this behalf sustained."

Upon this demurrer the court made the following order:

"The court being convinced from a careful examination of the authorities that the State has the right to intervene for the collection of taxes due it, it is ordered that the demurrer to the petition of intervention be overruled and defendants allowed until the Nov. rules to answer the petition."

From this interlocutory order an appeal was entered to this court, and the sole point presented to us for determination is whether the court erred in overruling the demurrer. No extended discussion is necessary, since, as we understand it, this point has already been decided adversely to the contention of the appellants by this court in Bloxham, Comptroller, v. Consumers' Electric Light & Street R. R. Co., 36 Fla. 519, 18 South. Rep. 444, S. C. 51 Amer. St. Rep. 44, 29 L. R. A. 507, and we content ourselves with referring to the reasoning and the authorities cited therein. It is elementary that a demurrer admits as true all the matters which are well pleaded in the pleading against which it is directed. If the appellants wish to question the legality of the taxes

alleged to have been imposed, the validity of the assessment or to make any defense along that line, it would have to be done by way of an answer. We would also refer generally to 17 Amer. & Eng. Ency. of Law (2nd ed.) 180, and 11 Ency. of Pl. & Pr. 494.

It follows that the interlocutory order appealed from must be affirmed.

All concur except PARKHILL, J., absent on account of illness.