FLORIDA EAST COAST FRUIT LAND COMPANY, A CORPORA-
TION, *Appellant*, v. J. F. MITCHELL, AS CLERK OF THE
CIRCUIT COURT OF BREVARD COUNTY, FLORIDA, AND W. C.
FOSTER, *Appellees.*

Opinion Filed July 13, 1920.

1. A valid assessment of lands is an essential foundation to
   proceedings to subject them to sale for non-payment of
   taxes.

2. A description of land in the assessment roll, so faulty as not
   to warn the owner of the charge upon his land or to advise
   possible purchasers what land is to be sold will invalidate
   the assessment.

3. Where a sale is for an entire tax and a part of it is legal
   and part illegal, the illegal portion vitiates the entire sale.

4. Where several tracts or parcels of land are assessed and
   sold for taxes, and the amount of taxes assessed upon each
   of said tracts is not set down or given opposite thereto re-
   spectively, in the assessment roll and in the collector's ad-
   vertisement of sale, but the aggregate taxes assessed on all
   the different tracts is given only, a tax deed predicated there-
   on is void.

5. If a statutory provision on the subject of redemption of lands
   sold for taxes is not a complete and certain one that applies
   in all situations, as where it depends on the discretion of
   the Comptroller, whose discretion cannot be controlled by
   mandamus, it is not such an adequate remedy as will pre-
   vent a court of equity from granting relief.

An Appeal from the Circuit Court for Brevard County;
James W. Perkins, Judge.

Judgment reversed.

*N. P. Bryan,* for Appellant;

*Landis, Fish & Hull,* for Appellees.

BROWNE, C. J.—This is a proceeding by the Florida East Coast Fruit Land Company to have a tax sale certificate cancelled and to obtain appropriate ancillary relief by injunction. A demurrer to the bill was sustained, the bill dismissed and complainant appealed.

The bill alleges, among other things, that the Florida East Coast Fruit Land Company "was the owner and in possession of Section 40, in Township 20 South, of Range 34 East, containing 413.62 acres according to the Government survey, and of Sec. 41, Township 20 South, of Range 35 East, containing 285 acres according to the government survey; that all the lands are situated in Brevard County; that the Clerk had published notice of application by the defendant, Foster, for tax deed to property described as follows: "South half of Wm. Garvin Grant, Sections 37, 40 and 41, Township 20 South, Ranges 34 and 35 East, 1,000 acres;" and that Foster, one of the appellees, had made application for a deed to the land described in the notice and that unless the Clerk was restrained, he would issue a deed to Foster.

It is urged in objection to the assessment, "that the lands were not assessed according to the Government survey; that more than one section was included in one assessment; that lands lying in two ranges were assessed together. that the two ranges had been surveyed and platted by the United States Government prior to the assessment; that there is a Section 37 and a Section 40 and a Section 41 in each of the Townships included within 'Township 20, Ranges 34 and 35,' and that the aggregate

acreage of these sections is nearly 7,000 acres; that Section 41, in Range 34, contains nearly 4,300 acres, and that the assessment is inconsistent with the Government survey; that the thousand-acre assessment is neither the half nor the whole of the lands attempted to be described; that the description is not by metes and bounds, nor made in accordance with a private survey or description recorded in the office of the Clerk or by reference to any deed; that the Wm. Garvin Grant is rectangular in shape and does not lie North and South, nor East and West; that Sections 37 and 40, Range 34, are not owned by the same person, and that Sections 37 and 41, Range 35, are not owned by the same person."

The demurrer admits the truth of these allegations.

We think the assessment is vague, uncertain and indefinite and not made in accordance with law, and is not a valid one of the lands of the complainant, which is an essential foundation to proceedings to subject them to sale for non-payment of taxes. McKeown v. Collins 38 Fla. 276, 21 South. Rep. 103.

This court has held that "A description of land in the assessment roll, so faulty as not to warn the owner of the charge upon his land or to advise possible purchasers what land is to be sold will invalidate the assessment." Miller v. Lindstrom, 45 Fla. 473, 33 South. Rep. 521, Headnote 1. Also, "A description of lands on an assessment roll so faulty as not to enable the purchaser to identify the land thereby, is an invalid assessment." Grissom v. Furman, 22 Fla. 581.

"Where a sale is for an entire tax and a part of it is legal and part illegal, the illegal portion vitiates the entire sale." Graham v. Florida Land & Mortg. Co., 33 Fla. 356, 14 South. Rep. 796, Headnote 6.

"Where several tracts or parcels of land are assessed and sold for taxes, and the amount of taxes assessed upon each of said tracts is not set down or given opposite thereto respectively, in the assessment roll and in the collector's advertisment of sale, but the aggregated taxes assessed on all the different tracts is given only, a tax deed predicated thereon is void." Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635, Headnote 4.

We do not think any of the statutory remedies are adequate to protect the complainant in this case.    There was an application for a tax deed, which the appellant would in all probability have obtained before the complainant could avail himself of any remedy at law, and thus the object sought to be accomplished by the complainant in his bill to restrain the Clerk of the Circuit Court from issuing the deed to Foster, would have been accomplished.

The land assessed as "Unknown" was described "S½ of Wm. Garvin Grant, Sections 37, 40 and 41, Township 20 South, Ranges 34 and 35 East, 1,000 acres."

The complainant owned about 698 acres, and some other person owned the remainder amounting to about 300 acres.

The Wm. Garvin Grant is rectangular in shape and does not lie North and South, nor East and West; and such a description is vague and incapable of determination.

Sections 37 and 40, Range 34, are not owned by the same person, and Sections 37 and 41, Range 35, are not owned by the same person.    The vagueness, uncertainty and inadequacy of the description of the land as the South ½ of the Wm. Garvin Grant Tract, is rendered more uncertain by this attempt at further particular description.

We do not think that under the facts in this case the complainant has an adequate statutory remedy under Sec. 570 of the General Statutes, 1906, because there seems to be no prescribed method by which it can be determined what portion of the taxes assessd against the entire body of land should be paid by the complainant.

Much confusion and injustice can readily result from assessing lands belonging to several persons, in the name of one, or as "unknown," if in order to prevent the loss of his property by sale for taxes, he should be required to pay a pro rata of the tax based upon the quantity of the land rather than on its value.

Thus if two lots of the same size belonging to different persons, one with improvements worth $5,000.00, and the other with improvements worth $50,000.00, were assessed as "unknown" at a valuation for both lots of $75,000.00 should be sold for taxes, a pro rata of the tax based upon the quantity of land owned by each party would require each to pay half the tax, which would be a gross injustice to the one who owned the lot on which there were only $5,000.00 improvements. And there seems to be no way in which this condition could be remedied under Section 570, or any other statutory proceeding.

It is true such a discrepancy is not made to appear in the instant case, but the adequacy of a statute to afford a remedy must be tested by any condition that may reasonably arise. If the remedy under the statute is not a certain one, that applies in all situations—if it depends on the discretion of the Comptroller, whose discretion can not be controlled by mandemus (State *ex rel.* Kennerly v. Amos, 78 Fla. 552, 83 South. Rep. 393) it is not such an adequate remedy as will prevent a court of equity from granting relief.

There being no adequate remedy at law, statutory or otherwise, and the assessment being so vague, uncertain and indefinite as to render it void against the complainant, the demurrer to the bill should have been overruled.

The judgment is reversed.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.

WHITFIELD, J., dissenting.

This proceeding seeks to have an assessment of lands adjudged to be void, to have a tax sale certificate cancelled and to obtain appropriate ancillary relief by injunction.

If it be conceded that the allegations of the bill of complaint show such an illegal assessment as to make the tax sale certificate an incipient cloud upon the complainant's title, the statute authorizes the complainant to redeem its lands from the certificate at any time "before a tax deed is issued therefor, by paying * the face of the certificate of sale, or such portion thereof as the part or interest redeemed shall bear to the whole," etc., the amount being the unpaid taxes on the land redeemed for the given year with interest, etc. Sec. 570, Gen. Stats. 1906.

An exhibit made a part of the bill of complaint shows a plot of land marked "William Garvin," "Patented March 1, 1881." This plot as shown contains four irregular sections in two different ranges and explains the assessment as made. Sec. 518, Gen. Stats. 1906.

The plot is one body of land partly in Township 20 S., Range 34 East, and partly in Township 20 S., Range 35 East. In the plot are four irregular sections. One is an irregular section in Township 20 S., Range 34 E., numbered 37, and containing 757.81 acres. Another irregular' section in the plot south of said Section 37 is in Township 20 S., R. 34 E., and is numbered 40 and contains 413.62 acres. The plot also contains an irregular section in Township 20 S., R. 35 East, numbered 37 and containing 538.35 acres. Another irregular section in the plot south of said last mentioned Section 37 is in Township 20 S., Range 35 E., and is numbered 41, containing 285 acres.

A line runs through the plot between the irregular Section 37, in Range 34, and the irregular Section 37, in Range 35, on the north, and said irregular Section 40, in Range 34, and said irregular Section 41, in Range 35, on the south of the said line. The entire plot or grant contains 1994.78 acres.

The assessment is of the south half of the "grant," "1,000 acres." This description and acreage covers the complainant's two irregular sections, containing 698.62 acres, as well as some portions of the irregular sections north of it. Section 40, Township 20 S., R. 34 E., and Section 41, T. 20 S., R. 35 E., owned by the complainant, are included in the assessment as made; and, under the statute, the owner may redeem the portion of the certificate covering its land. Sec. 570 *et seq.*, Gen. Stats. 1906.

Manifestly it is the duty of the complainant to pay the taxes on its land; and if it does not do so, and applies to equity to cancel a tax sale certificate on the ground of a misdescription of the property, etc., in the assess-

ment, it should at least offer to do equity by redeeming its lands from the certificate as authorized by the statute by paying the amount of taxes due by it, but paid by the defendant in purchasing the tax sale certificate. It is not alleged that the taxes covered by the tax certificate were not due on the land. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. Rep. 406; Connors v. City of Detroit, 41 Mich. 128, 1 N. W. Rep. 902; City of Orlando v. Equitable Building & Loan Ass'n, 45 Fla. 507, text 516, 33 South. Rep. 986; 10 R. C. L. 419; Fletcher's Equity, §91; Holland v. Hotchkiss, 162 Cal. 366, 123 Pac. Rep. 258, L. R. A. 1915C 492. Since this redemption can be made as of right under the statute, the remedy at law is adequate and eminently fair; and as the complainant does not offer to do equity, the bill of complaint was properly dismissed.

WEST, J., concurs.