UNITED STATES *v.* KOMBST ET AL.

No. 704. Argued April 26, 27, 1932.—Decided May 23, 1932.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher,* and *Messrs. Whitney North Seymour* and *H. Brian Holland* were on the brief, for the United States.

*Mr. Frederick Schwertner,* with whom *Mr. Clarence W. DeKnight* was on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The question for decision is whether the sum of $261,-811.42 paid to the State of California for inheritance taxes should have been deducted from the gross estate of the decedent before calculating the federal estate tax under the Revenue Act of 1916, as amended.

On April 25, 1917, Rosa von Zimmermann died in California, a German alien enemy, leaving a net estate valued at $1,927,610.88. Her will was probated there. Her executors, who were citizens of that State, paid in 1918 to the United States an estate tax of $144,889.78, and to California for inheritance taxes the sum of $261,811.42. In the same year, the Alien Property Custodian served notice and demand upon the executors to convey and pay over to him all interest, in the estate, of the residuary legatees, who were likewise German alien enemies. In 1922, the executors, having rendered a final account and turned over the residue of the estate to the Alien Property Custodian, were discharged. After March 4, 1923, the effective date of the Winslow Act, 42 Stat. 1511, c. 285, a claim for refund was filed with the Commissioner of Internal Revenue by Barnim Kombst and the other resid-

uary legatees. One of the grounds assigned was that the sum paid to California by way of an inheritance tax should have been deducted from the gross estate before calculating the federal estate tax. Subsequently, the Alien Property Custodian filed a like claim. The Commissioner rejected both claims. Thereupon, the legatees and the Alien Property Custodian brought this action in the Court of Claims to recover the amount alleged to have been wrongfully exacted. The court sustained their contention, and allowed recovery of $23,563.03, with interest. 52 F. (2d) 1030. Certiorari was granted, 285 U. S. 532. The Government contends that the sum paid to California was not deductible; and that even if it should have been deducted, there can be no recovery, because the claim for refund was not made within the period allowed by law.

The Revenue Act of 1916, § 203 (a) 1, under which the excise tax is laid, does not allow as a deduction from the gross estate a sum paid by way of succession tax, as distinguished from an estate tax.[1] *Leach* v. *Nichols,* 285 U. S. 165; *New York Trust Co.* v. *Eisner,* 256 U. S. 345, 350. Compare *United States* v. *Woodward,* 256 U. S. 632, 635. Whether the California tax was a succession tax or an estate tax is to be determined by reference to the decisions of its highest court. *Leach* v. *Nichols, supra; Keith* v. *Johnson,* 271 U. S. 1, 8. The California tax was levied under the Inheritance Tax Act of 1913,

---

[1] Act of September 8, 1916, 39 Stat. 756, 778, c. 463: "Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages . . . and such other charges against the estate, as are allowed by the laws of the jurisdiction . . . under which the estate is being administered. . . ."

Cal. Stats. 1913, p. 1066, as amended, Cal. Stats. 1915, pp. 418, 435. This Act differs in no substantial respect from its predecessors, Cal. Stats. 1905, p. 341, and Cal. States. 1911, p. 713, which have uniformly been held by the Supreme Court of the State to impose a tax upon the succession. *Estate of Kennedy,* 157 Cal. 517, 523; 108 Pac. 280; *Estate of Hite,* 159 Cal. 392, 394; 113 Pac. 1072; *Estate of Miller,* 184 Cal. 674, 678; 195 Pac. 413. Compare *Estate of Potter,* 188 Cal. 55; 204 Pac. 826; *Estate of Letchworth,* 201 Cal. 1; 255 Pac. 195. See *Stebbins* v. *Riley,* 268 U. S. 137, 144.

It is urged that the original and all later California inheritance tax acts were patterned after the New York Act; and that, under the New York Act, the tax is one upon the transfer. *Keith* v. *Johnson,* 271 U. S. 1. Compare *United States* v. *Mitchell,* 271 U. S. 9. As the highest court of California has construed its statutes as laying a succession tax, we have no occasion to consider the construction given by the courts of New York to its legislation. Compare *Stonebraker* v. *Hunter,* 215 Fed. 67, 69.

The Commissioner properly refused to allow as a deduction the amount paid to the State. We have, therefore, no occasion to consider the question whether the claim for refund was filed in time.

*Reversed.*