FIRST BOND AND MORTGAGE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60116. Promulgated December 22, 1932.

*Charles C. Potter, C. P. A.,* for the petitioner.
*J. H. Yeatman, Esq.,* for the respondent.

OPINION.

ARUNDELL: The deficiency for redetermination in this proceeding relates to income tax in the amount of $755.78 for the fiscal year ended June 30, 1929. The single issue is whether all of the state

taxes paid by the petitioner on real estate properties acquired in 1928 and in 1929 prior to June 30 through foreclosure proceedings are a part of the cost of the properties, or only so much thereof as applies to the period of the calendar year prior to acquisition.

From the stipulation of facts, which is incorporated herein by reference as our findings of fact, it appears that the petitioner, a Florida corporation engaged in the general bond and mortgage business, kept its books on the accrual basis.

During 1928 and in 1929 prior to June 30 the petitioner acquired numerous parcels of real estate through foreclosure proceedings resulting from defaults in payments by the mortgagors. It has been the practice of the petitioner to consider the state tax on such property applicable to the calendar year prior to acquisition as part of the cost of the property, and the portion applicable to the calendar year subsequent to acquisition as a deductible expense for income tax purposes. The respondent refused to prorate the taxes on that basis and held that all of the tax paid for the calendar year in which the property was acquired constituted a part of the cost of the property.

We have heretofore held that where real estate taxes accrue and become a lien against the property before a purchaser acquires ownership, and such taxes are subsequently paid by the new owner, the amount thereof constitutes a part of the cost of the property and may not be deducted as a tax of the purchaser. The theory back of the decisions is that the taxes are not the purchaser's own taxes. *Leamington Hotel Co.*, 26 B. T. A. 1004; *Grand Hotel Co.*, 21 B. T. A. 890; *John Hancock Mutual Life Ins. Co.*, 10 B. T. A. 736; *H. H. Brown Co.*, 8 B. T. A. 112.

The parties are in agreement that Florida taxes on real estate are assessed against the record owner on January 1 of each year and that such taxes are levied for the calendar year. The laws of Florida provide that all real property shall be subject to taxation on the first day of January each year; that owners of property are required to make a return therefor prior to the first of April of each calendar year; that personal property shall be " responsible " for taxes on real property; that assessments of taxes shall create a lien upon the property assessed superior to all others, from the first day of January of the year for which the property is liable for assessment; that all taxes assessed shall have the force and effect of a judgment and execution at law against the owner of the property; that personal property shall be construed to include all goods and chattels, moneys and effects, boats and vessels, debts due and to become due from solvent debtors, public stocks and shares in incorporated or unincorporated companies, and that all taxes are due and payable on November 1 of each year or as soon thereafter as the assessment roll may

come into the hands of the collector of taxes. Secs. 896, 913, 950 and 958, Comp. Gen. Laws of Florida, 1927.

The lien of the state for taxes attaches by a valid assessment of the property, *Florida East Coast Fruit Land Co.* v. *Mitchell,* 80 Fla. 291; 85 Sou. 661; *State* v. *Beardsley,* 94 Sou. (Fla.) 660, and it has been held that the lien attaches from the first day of January of the year for which the assessment is made. *Aiken* v. *United States* (U. S. Dist. Ct., S. Dist. Fla., Oct. 12, 1932).

The properties on which the taxes in dispute applied were acquired by the petitioner on different dates in the calendar year 1928 and during the first half of 1929. The stipulation does not include an agreement as to the times when the properties were validly assessed for state taxes, and there is no allegation in the petition on the point. In the absence of anything in the record to the contrary, we will assume that valid assessments were made against the properties prior to the times they were acquired by the petitioner.

In *Bloxham* v. *Consumers' Electric Light & Street R. R. Co.,* 36 Fla. 519; 18 Sou. 444, certain real property was sold by judicial sale free and clear of liens after an assessment had been made for state taxes. The court held that the state could have intervened in the sale proceedings and asserted a claim for taxes against the proceeds of sale. During the course of its opinion, the court said:

The property had been assessed for its taxes, and a lien for the same had been acquired by the state before the judicial sale. The state's lien for taxes, having attached by the assessment of the property, could not be divested by the subsequent judicial sale.

The case of *Huckleby* v. *State,* 57 Fla. 433; 48 Sou. 979, is to the same effect.

The taxes in question had been liens, superior to all others, since the first day of January of the respective years, and the then owners could have accrued the amounts on their books as tax liabilities in case they operated on the accrual basis of accounting, even though the taxes were not payable until November first next. *H. H. Brown Co., supra; Arcade Department Stores, Inc.,* 18 B. T. A. 1172.

The deduction allowed by the statute for taxes paid or accrued within the taxable year is limited to the taxpayer's own taxes. *Grand Hotel Co., supra.* When the petitioner acquired these properties it knew, or should have known, that the then owners and the properties were liable for the tax liens. In subsequently paying the liens they liquidated taxes of others. The amounts so paid must be regarded as part of the cost of the properties, as the respondent has determined.

*Decision will be entered for the respondent.*