### ELMHIRST v. DUGGAN, Collector of Internal Revenue.

District Court, S. D. New York.
Jan. 9, 1936.

Baldwin, Hutchins & Todd, of New York City (Robert A. Young and E. Raymond Shepard, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Henderson Mathews and Richard Delafield, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is to recover an alleged overpayment of income tax. The question is whether the plaintiff was entitled to deduct from her gross income for 1927 the sum of $121,124.85 paid by her in that year to the British government as super-tax. The claimed deduction was disallowed by the Commissioner, an additional assessment was made, the plaintiff paid under protest, and brought this action to recover the payment. A jury was waived.

The plaintiff, a citizen and resident of the United States until May, 1926, when she became a resident of England, kept books on the accrual basis and made income tax returns on that basis. During the year ending April 5, 1924, she received some £90,000 as dividends from British corporations. On March 18, 1926, she received notice from the British government, through the Special Commissioners of Income Tax, to file return of her income for the year ending April 5, 1924, for purpose of super-tax for the year 1924–1925. She filed return on January 6, 1927, showing receipt ·of the dividends. The Special Commissioners, on January 21, 1927, made an assessment of super-tax against the plaintiff for the taxable year 1924–1925 and demanded payment. On January 27, 1927, the plaintiff made payment of the tax.

Portions of the British act relative to income tax and super-tax have been read into the record. The taxable period is the year beginning April 6th and ending the following April 5th. For super-tax purposes the income of any individual shall be taken to be his or her income for the previous year. The procedure is for the special commissioners to serve notice on taxpayers to make returns; the taxpayers are then required to make returns; the special commissioners then make assessments; the tax is paid under the assessments.

The deduction in this case is claimed under section 214 (a) (3) of the Revenue Act of 1926, 44 Stat. 26, permitting deduction of "taxes paid or accrued within the taxable year," with exceptions that have no bearing here. The words "paid or accrued," by section 212 (b) of the same act, 44 Stat. 23, have reference to the method of accounting regularly employed by the taxpayer, either the cash basis or the accrual basis. The income tax returns of the plaintiff having been rendered on the accrual basis, she is not entitled to deduct from gross income for 1927 the British tax paid by her in that year unless liability for that tax "accrued" in 1927; and the burden of proving that liability for the tax accrued in 1927 is on the plaintiff. Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901.

It has not been shown that the plaintiff's liability for the British tax accrued in 1927. In the economic and bookkeeping sense which the statute follows, a tax is deemed to accrue when all the events have occurred which fix the amount of the tax and determine the liability of the taxpayer for it, although there has not yet been an assessment or maturity. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 51 S. Ct. 11, 75 ·L.Ed. 234. It follows that the British tax assessed against the plaintiff and paid by her in 1927 had accrued, within the meaning of our Revenue Act, in the year 1924 and was deductible only from her gross income of that year.

The plaintiff submits that prior to 1926 she had no notice that payment of the British tax would be required of her, and that she was not chargeable with notice of the laws of a foreign country. These matters have no bearing on the accrual of the tax. See Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L. Ed. 397. Even if they were controlling, the only effect would be that the tax in

question accrued in 1926, and accrual in 1926 would not give the plaintiff the right to take a deduction under our law in 1927.

The plaintiff also urges that under the British system there can be no accrual of liability until assessment, and assessment did not come until 1927. But this is to put a strict legal sense on the word "accrued," and that is not the sense of the word in the Revenue Act in question. See United States v. Anderson, supra. Moreover, Lord Dunedin in the House of Lords in Whitney v. Inland Revenue Commissioners, 42 Times Law Reports, 58, 62, pointed out that liability for the British super-tax in case of a nonresident like the plaintiff does not wait on assessment, that being only a part of the machinery for collection.

Ruud Mfg. Co. v. Commissioner (C.C. A.3) 45 F.(2d) 63, is pressed by the plaintiff as a case parallel to this one. In my opinion, the Ruud Case is out of line with controlling cases decided by the Supreme Court and cannot be followed.

The British tax was not a deductible item for the year 1927.

There will be a verdict and judgment for the defendant.