**PARROTT ESTATE CO. v. McLAUGHLIN.**

No. 8080.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1937.

F. Eldred Boland, J. W. Radil, R. M. Sims, Jr., and Knight, Boland & Riordan, all of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., and Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, F. W. Dewart, J. Louis Monarch, and F. A. Michels, Sp. Assts. to Atty. Gen., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The appellant seeks to recover income taxes amounting to $1,086.47 because in estimating the taxes the Commissioner refused a deduction from appellant's gross income of the sum of $11,524.03 which it had paid during the year ending December 31, 1926, as inheritance taxes levied by the state of California. It appeals from the judgment against it.

The appellant corporation was organized as a family corporation by the heirs, legatees, devisees, and distributees of the estate of Mary Emily Parrott, deceased. Under the law of California, this tax was upon the right of succession of the several legatees and devisees under the will of Mary Emily Parrott and constituted a lien upon the estate. Cal.Stats.1921, pp. 1500, 1503, 1506, §§ 3, 7; In re Estate of Letchworth, 201 Cal. 1, 255 P. 195; United States v. Kombst, 286 U.S. 424, 52 S.Ct. 616, 76 L.Ed. 1201. The executors were required by the law of California to pay the tax before distribution, or to see that it was paid. Cal.Stats.1921, p. 1510, §§ 9, 10. In default of payment, it continued a lien upon the property until paid. Id. section 9 (1). The appellant alleged that it paid the tax "upon and in behalf of and as agent and instrumentality of said heirs, legatees, devisees and distributees." The appellant did not allege the date of the death of the testatrix, but it did allege that the appellant was organized by the heirs, and that from time to time and on August 2, 1922, and January 12, 1925, the heirs assigned all their interest in the estate to the appellant. It is alleged that at all times the appellant is the agency and instrumentality through which the heirs owned and controlled the estate received from the decedent; it is also alleged that the property was distributed directly to the appellant and not to the heirs, legatees, and distributees mentioned in the will. The case was tried without a jury and the trial court found the facts in accordance with the allegations of the complant. In addition, it found that Mary Emily Parrott died March, 1922; that the stock of the appellant was issued to the heirs in consideration of their assignment of their interest in the estate; that the inheritance tax due the state of California was paid August 6, 1926.

The error assigned is that the findings do not support the judgment which was in favor of the government. It appears from the opinion of the trial judge contained in the record that the sole contention of the parties in the lower court was as to whether or not the appellant was a "distributee" within the meaning of section 703 of the

Revenue Act of 1928 (45 Stat. 879), which retroactively permitted, under the Revenue Act of 1926 and any prior act, a deduction from gross revenue by an "heir, devisee, legatee, distributee or beneficiary" of income taxes paid or accrued within the taxable year. The trial court held that the appellant was not a distributee within the meaning of section 703, supra.

It will be observed that under the law of California the incidence of the inheritance tax was the date of the death. Cal. Stat.1921, p. 1506, § 7, and that under section 234 (a) (3) of the Revenue Act of 1926 (44 Stat. 41) the tax was deemed to have accrued at the time it became due. Reg. 69, art. 134.

■ The first difficulty that presents itself on the appeal is that the right to deduct a payment of taxes is not necessarily applicable to the taxable year in which the tax was paid (1926), but may be deductible only in the year in which it accrued (1922); the right to deduct in 1926 being dependent upon whether or not the taxpayer kept its accounts on a cash basis. Elmhirst v. Duggan (D.C.) 14 F.Supp. 782; United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799; Niles Bement Pond Co. v. United States, 281 U.S. 357, 361, 50 S.Ct. 251, 252, 74 L.Ed. 901; Fawcus Mach. Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397.

■■ The burden of showing by allegation and proof that a tax levied and collected was void is upon the taxpayer seeking to recover the tax he has paid. Niles Bement Pond Co. v. United States, supra. There is no allegation, evidence, or finding that the taxpayer kept his books upon a cash basis. It must be assumed, therefore, in the absence of such evidence, that the taxpayer's books were kept on an accrual basis and hence that it is not entitled to the deduction in the year 1926 in which the tax was paid. The complaint did not state a cause of action. The findings do not remedy this defect, nor does the evidence disclose the essential facts necessary to a recovery by the appellant. This necessitates the affirmance of the judgment.

■ The appellant claims that inasmuch as the only question considered by the trial court or urged against the deduction claimed was that the appellant was not a "distributee" within the meaning of section 703, the case should not be disposed of on the appeal upon a different theory, citing Sacramento Suburban Fruit Lands Co. v. Melin (C.C.A.) 36 F.(2d) 907; Baker v. Kaiser (C.C.A.) 126 F. 317; Missouri, K. & T. Ry. Co. v. Wilhoit (C.C.A.) 160 F. 440; Southern Cotton Oil Co. v. Shelton (C.C.A.) 220 F. 247. It has been uniformly held that the theory upon which the case was tried in the lower court should be the theory considered on the appeal, but the question considered by the court below was as to whether or not the appellant was entitled to the deduction. The theory litigated in the court below was as to whether or not this deduction was permissible. The claim advanced on appeal is that the findings do not support the judgment. The findings would not support any other judgment, and their failure to indicate an appropriate judgment is due to the failure of appellant to allege a material fact necessary to determine the right claimed by appellant. To intelligently consider the question raised by the appellant, it is necessary to know and to determine what facts are essential to a recovery. One such fact is missing from the record. If the judgment is right, it should be affirmed, whether or not the attention of the court below was called to the absence of allegation and proof of a fact essential to a recovery. Buster v. Wright (C.C.A.) 135 F. 947; McCloskey v. Pacific Coast Co. (C.C.A.) 160 F. 794, 801, 22 L.R.A.(N.S.) 673; Baker v. Kaiser (C.C.A.) 126 F. 317, 319; Montgomery v. Gilbert (C.C.A.) 77 F.(2d) 39.

■ Reargument was called for in this case because of the doubt as to whether or not the term "distributee" as used in the Revenue Act of 1928 should receive the broad interpretation given to that term in the California statutes which describes as distributees all persons to whom the estate is distributed by the court sitting in probate, whether as heirs, legatees, devisees, or assigns of distributees; or whether it should have the narrower interpretation it received at common law. As we are considering the meaning and intent of the word as used in the Act of Congress, we are inclined to agree with the government that, as distinguished from an heir, it should receive the more general and universal interpretation, namely, that a "distributee" is one entitled to the personal property of an intestate under the laws of distribution. Black's Law Dictionary (3d Ed.); Bouv.Law Dict. (3d Ed.); Murchison v. Wallace, 156 Va. 728, 159 S.E. 106. We therefore hold as the government contends that the appellant is not a

"distributee" within the meaning of section 703 of the Revenue Act of 1928. This disposes of the only contention of the appellant raised in the court below, or presented in its original briefs on appeal.

But this does not solve the problem presented by the record because section 234 of the Revenue Act of 1926, supra, also authorizes a corporation to deduct from its income state inheritance taxes it has paid. It would follow that if the appellant is not entitled to the claimed deduction under section 703 as a distributee, it would be entitled to the deduction under section 234, supra, unless that right is limited by other considerations.

The appellant did not base its claim for the deduction upon section 234 of the Revenue Act of 1926, which expressly authorized a deduction of taxes paid by the taxpayer, but predicated its contention solely on section 703, supra, authorizing a distributee to claim a deduction. We might have been justified in holding that as appellant was not entitled to a deduction under section 703 of the Revenue Act, supra, and as it did not claim a deduction under section 234 of the Revenue Act, supra, that it was unnecessary to consider the latter question; but we have asked the parties for their views concerning the effect of section 234, supra, and briefs and argument have followed. As we recollect it, the government now contends in its argument that by reason of the enactment of section 703 of the Revenue Act of 1928, supra, such enactment covers the whole subject of deduction for inheritance taxes. Consequently, it argues that we should not look to section 234, supra, for such authority. In this it is in error. All that section 703, supra, purports to do is to determine as between the executors or administrators on one hand and the beneficiaries on the other which ones are entitled to such deduction. Here the tax was paid by neither. The appellant on the other hand now insists upon the applicability of section 234, supra, if section 703, supra, is not applicable, and that it is entitled to the deduction by reason of that section (section 234 of the Revenue Act of 1926, supra).

We therefore next consider the question of whether or not the appellant under section 234, supra, is entitled to deduction from its gross revenue of the state inheritance tax it paid in 1926. It alleges in its complaint that it paid the taxes for and on behalf of the legatees and distributees. The allegation was framed with the idea, no doubt, of showing that the appellant was a mere agent of those who were required by law to pay the tax and that it should be entitled to the same deduction given the heirs, devisees, and legatees in section 703, supra. However, if this allegation is true, as we must assume it to be, the appellant having paid the tax as agent for the beneficiaries, they would be entitled to the deduction from their income. It clearly is not entitled to deduction on its own behalf under the provisions of section 234, supra. Furthermore, if we ignore the allegation that the appellant paid the tax as an agent for the heirs, we have the bare allegation that the appellant paid the tax and the fact that until paid the tax was a lien upon the corpus of the estate which passed by assignment and transfer of the heirs to the appellant. It has been held that where such payment was made as a part of the consideration for the purchase price the purchaser is not entitled to make the deduction from his income tax because the payment by him is a payment of the consideration for the land although it happens to take the form of the payment of taxes. Falk Corporation v. Com'r (C.C.A.) 60 F.(2d) 204.

The Board of Tax Appeals has held in a recent case that it will assume that a tax paid by a purchaser because it is a lien upon the land purchased is in substance and legal effect a mere payment of a part of the consideration for the land rather than the payment of taxes, and that the grantee paying the tax is not entitled to a deduction. First Bond and Mortgage Co. v. Com'r, 27 B.T.A. 430. There is no allegation in the case at bar, and no proof, as to whether or not the tax paid by the appellant was expressly made a part of the consideration for which it obtained the property. The allegation is that the property was exchanged for the capital stock of the appellant. It is a fair inference that the understanding implied from this agreement was that the corporation was to pay the tax. If, however, we take the view that there is an entire absence of allegation or proof either directly or inferentially upon this subject, appellant being charged with the burden of alleging and proving that the income tax was erroneously computed, is met by the presumption that the deduction was not authorized.

We conclude then: First, that the complaint herein does not state a cause of ac-

tion because it fails to allege that appellant kept its books upon a cash basis and not upon an accrual basis; second, the complaint is insufficient to state a cause of action because it expressly alleges that the appellant paid the tax as an agent for the heirs; third, that in its complaint appellant fails to show that it had not paid the tax as a part of the consideration paid for the property for which it also issued its stock; fourth, that the appellant is not a distributee within the meaning of section 703 of the Revenue Act of 1928 made retroactive to 1926, and is not entitled to a deduction under that section; fifth, that the appellant was not entitled to a deduction under section 234 of the Revenue Act of 1926 which permits the taxpayer to deduct from his gross income money paid for taxes, including estate taxes, for two reasons: (a) It paid the tax as agent; (b) if not, it must be assumed that the tax was paid as a part of the purchase price for the property received by it from the legatees and devisees.

Judgment affirmed.