## HOSTETTER v. UNITED STATES.
### No. 7769.

District Court, W. D. Pennsylvania.
July 1, 1939.

H. F. Stambaugh and Watson & Freeman, all of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., Orris Bennett, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and George H. Zeutzius, Sp. Assts. to Atty. Gen.

GIBSON, District Judge.

The instant case is one of five suits each brought by or on behalf of a beneficiary under the will of D. Herbert Hostetter. The legal position of each plaintiff being the same, the cases were consolidated for trial.

By his will D. Herbert Hostetter, after devising certain property to Miriam G. Hostetter, his wife, bequeathed the residue of his property to trustees, with power to invest and reinvest, and to collect the income therefrom and, after paying necessary expenses, to distribute the net income among the beneficiaries in monthly installments.

An inheritance tax of $294,752.61 was claimed by the State of California upon the estate of D. Herbert Hostetter, and this amount was paid in the year 1926 by his executors from the corpus of the estate. When this inheritance tax was paid by the executors they obtained from each beneficiary a non-interest bearing note whereby he promised to pay to the executors his proportionate amount of this tax in installments due over a period of ten years, beginning with the year 1927. The Commissioner of Internal Revenue, by abatement order of January 25, 1928, allowed the executors a credit of this inheritance tax payment as against an estate tax liability of $1,819,838.-91.

Each of the petitioners, beneficiaries under the will of D. Herbert Hostetter, filed an income tax return for the calendar year

1926, upon the cash receipts and disbursements basis. The liability disclosed by the return was duly paid. In March, 1930, each petitioner filed a claim for refund on the amount paid. The claim was founded upon the theory that the payment of the California inheritance tax by the executors had been made on behalf of the beneficiaries, and was in effect a payment by them. In support of the claims in suit it is pointed out that the inheritance tax of California is upon the right to inherit, and not upon the right to dispose (see United States v. Kombst, 286 U.S. 424, 52 S.Ct. 616, 76 L.Ed. 1201), and therefore, it is urged, the liability for the tax paid was upon the beneficiaries and not upon the executors, and its payment must be regarded as the payment of the beneficiaries.

It may be admitted that the California inheritance tax was imposed upon the right to inherit, but such admission is not sufficient to cause theory to overcome tangible fact. The beneficiaries could not, and did not, pay the inheritance tax in 1926. It was then paid by the executors from the body of the estate, and later the Commissioner of Internal Revenue credited the estate with the full amount of the payment in the computation of the estate tax. The Commissioner having thus indirectly credited the beneficiaries with the amount of the inheritance tax, it would seem at least questionable if a double use could be made of it for tax reduction purposes. This is particularly so in view of the fact that the Commissioner is precluded by the statutory limitation from any reassessment of the estate tax.

The court is of opinion that such double use is not even technically possible under the facts in suit. Section 703(a) (4) (b) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 879, follows:

"Sec. 703. *Deduction Of Estate And Inheritance Taxes—Retroactive.*

"(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as 'beneficiary') or of an estate for any taxable year, under the Revenue Act of 1926 or any prior Revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

\*   \*   \*   \*   \*   \*   \*

"(4) If the deduction has not been claimed by the estate nor by the beneficiary, it shall be allowed as a deduction only to the person (either the estate or the beneficiary) by whom the tax was paid to such taxing authorities, and only if a claim for refund or credit is filed within the period of limitation properly applicable thereto;

\*   \*   \*   \*   \*   \*   \*

"(b) As used in this section, the term 'claimed' means claimed—

"(1) In the return \* \* \*."

This section defeats the claims in suit because payment of the inheritance tax was not made by the beneficiaries.

The tax was paid out of the corpus of devisor's estate by the executors pursuant to an agreement of the beneficiaries that such payment should be so made. The laws of California (Gen.Laws Act 8443, Secs. 7 and 8(3) required payment by the executors, and, in event the tax was not paid within eighteen months from the death of the decedent, the delivery of a bond for the payment by them. The tax in question may have been a tax upon the right to inherit and not upon the right to transmit, and the Commissioner of Internal Revenue may have been in error in allowing the amount of the inheritance tax to be deducted from the gross estate of the beneficiaries' decedent in computing the estate tax, but his error (in favor of the beneficiaries) does not wipe out the fact of actual payment of the tax by the executors and not by the beneficiaries. The amount of the tax was ultimately repaid to the corpus of the estate, it is true, but not in 1926, the year for which the tax refund is claimed. Each of the beneficiaries having made his tax returns upon the cash receipts and disbursements basis, this fact alone would defeat the plaintiff's recovery in each of the instant cases. Payments were made from income received from the trustees during years subsequent to 1926.

Judgment in favor of the defendant will be ordered.