## HOSTETTER v. UNITED STATES.
### No. 7233.

Circuit Court of Appeals, Third Circuit.

June 27, 1940.

Rehearing Denied Aug. 9, 1940.

H. F. Stambaugh, of Pittsburgh, Pa., for appellant.

F. E. Youngman, Sp. Asst. to Atty. Gen., George Mashank, Acting U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both

of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania entered against the petitioner in a suit under the Tucker Act, 24 Stat. 505, for the recovery of additional income tax paid by her for the year 1926. D.C., 28 F.Supp. 227.

The petitioner is a life tenant under the will of her husband, D. Herbert Hostetter. The decedent left property in California which was subject to tax under the California Inheritance Tax Act, St.Cal.1921, p. 1500. This tax was paid on February 10, 1926, by check drawn by the Fidelity Title and Trust Company, an executor and trustee of the estate against funds of the estate. The petitioner filed her individual income tax return for 1926 on March 14, 1927, on the cash receipts and disbursements basis and paid the tax shown thereon to be due. On March 12, 1930, she filed a claim for refund. The basis of her claim was that she had omitted to take as a deduction in computing her 1926 net income her proportion of the California inheritance tax. Neither the petitioner nor the estate had claimed this deduction in their tax returns. The petitioner's right to the deduction, if any, is found in section 703 of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev. Acts, page 467, which provides:

"Sec. [§] 703. Deduction of Estate and Inheritance Taxes—Retroactive

"(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as 'beneficiary') or of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

"(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

"(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

"(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities;

"(4) If the deduction has not been claimed by the estate nor by the beneficiary, it shall be allowed as a deduction only to the person (either the estate or the beneficiary) by whom the tax was paid to such taxing authorities, and only if a claim for refund or credit is filed within the period of limitation properly applicable thereto;

"(5) Notwithstanding the provisions of paragraphs (1), (2), (3), and (4) of this subsection, if the claim of the deduction by the estate is barred by the statute of limitations, but such claim by the beneficiary is not so barred, the deduction shall be allowed to the beneficiary, and if such claim by the beneficiary is barred by the statute of limitations, but such claim by the estate is not so barred, the deduction shall be allowed to the estate."

Clauses (1), (2) and (3) are clearly inapplicable since neither the petitioner nor the estate claimed the deduction in their returns. The right, if any, must therefore be found in clauses (4) or (5). Clause (4) grants the right to the deduction "only to the person (either the estate or the beneficiary) by whom the tax was paid". Section 703(a) allows the deduction only for taxes "paid or accrued within such taxable year". Without more the fact that the entire tax assessed upon the value of the property in California was paid by one check, drawn by the Fidelity Title and Trust Company, an executor and trustee under the will, upon funds belonging to the corpus of the estate would justify the District Court's conclusion that the estate and not the beneficiaries paid the tax. The petitioner's contention is that the beneficiaries are liable for the California tax; that she and the other beneficiaries borrowed from the estate the funds necessary to pay the tax; that it was with the funds so borrowed that the tax was paid; that the executor and trustee paid the tax not on behalf of the estate but rather as agent for the beneficiaries; that although she did not repay the estate until a later year this was immaterial because she did pay the tax in 1926. She relies upon an agreement between the beneficiaries and the execu-

66

tors dated January 15, 1926, as proof in support of her contentions.

■ Although there are some expressions to the contrary[1] it seems clear that the tax imposed by the California Inheritance Tax Act is upon the succession rather than the estate;[2] in other words, upon the right to inherit rather than the right to transmit. This is further evidenced in the present case by the report of the California state inheritance tax appraiser, the order of the probate court approving the appraisal, and the tax receipt issued by the treasurer of Los Angeles County, in each of which the tax is treated as being due by the beneficiaries. The provisions in the act that the executors shall deduct the tax before paying the respective shares to the beneficiaries and that the executors post bond if the tax is not paid within eighteen months are obviously designed for the effective collection of the tax rather than to fix the liability for the tax upon the estate.

■ It does not necessarily follow from the fact that the petitioner and the other beneficiaries were the persons ultimately liable for the inheritance tax that the petitioner in fact paid the tax in 1926. The District Court found from the documentary evidence that the estate in fact paid the tax. We do not believe this finding was erroneous. As we read the agreement of January 15, 1926, it provided that the tax be paid with funds advanced for that purpose by the Pennsylvania executors and trustees of the estate. It is true that the executors safeguarded the estate from loss and themselves from surcharge by requiring that the life tenants release their respective interests in income equal to the taxes and execute non-negotiable promissory notes payable in installments over a period of ten years. The emphasis throughout the agreement, however, is that the executors should pay the tax. We think it may fairly be concluded that the petitioner did not borrow the money and then use the borrowed funds to pay the taxes, but that the executors paid the taxes and the petitioner promised to reimburse them.

Since the petitioner made her return on the cash receipts and disbursements basis neither the promise to reimburse, the execution of a promissory note in 1926 whereby she incurred an obligation in the future, nor the payment of the promissory note in 1927 had any legal effect upon her 1926 taxable income. Helvering v. Price, 60 S. Ct. 673, 84 L.Ed. 836. We conclude that the petitioner is not entitled to the deduction by reason of clause (4) of section 703(a).

■ Clause (5) gives no comfort to the petitioner for there is nothing in the record other than an allegation in her complaint, which is denied in the answer, that at the time the petitioner filed her claim for refund the statute of limitations had run so as to bar the estate's claim to a deduction for the taxes which it had paid.

The judgment of the district court is affirmed.

[1] Gillette v. Commissioner, 2 Cir., 76 F.2d 6; Martz v. Commissioner, 9 Cir., 82 F.2d 110.

[2] United States v. Kombst, 286 U.S. 424, 52 S.Ct. 616, 76 L.Ed. 1201; Estate of Watkinson, 191 Cal. 591, 217 P. 1073; Estate of Rath, 10 Cal.2d 399, 75 P.2d 509, 115 A.L.R. 836.